## Commonwealth v. Allen, Appellant.

Argued September 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Dominic P. Costa,* for appellant.

*Henry T. Crocker,* Assistant District Attorney, with him *Richard A. Devlin* and *Anthony J. Scirica,* Assistant District Attorneys, and *Richard S. Lowe,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 21, 1967:
Order affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

Appellant appeared in the Court of Quarter Sessions of Montgomery County on October 19, 1959, to answer two bills of indictment, No. 63, November Term, 1957, and No. 5 April Term, 1959. Both indictments charged him with burglary, larceny, receiving stolen goods and conspiracy. Appellant, without counsel, pleaded guilty to all of the charges in Bill No. 63, except conspiracy. On Bill No. 5, appellant pleaded not guilty. He was given a jury trial, without counsel, and was found guilty. Later that same day, while still without counsel, appellant was sentenced on each Bill to a term of three to six years, such sentences to run concurrently.

On March 1, 1967, appellant filed a petition under the Post Conviction Hearing Act, alleging denial of his right to counsel and lack of due process. Upon consideration of the petition, and answer, but without a hearing, the lower court granted a new trial on Bill No. 5 April Term, 1959, and dismissed the petition as to Bill No. 63, November Term, 1957. In other words, appellant was granted a new trial on the Bill to which he pleaded not guilty and had a trial without assistance of counsel. However, the Court dismissed the petition on the Bill to which appellant pleaded guilty.

This is an appeal from the dismissal of appellant's petition and denial of a new trial on Bill No. 63, November Term, 1957. In my opinion, appellant should be given a new trial because he did not intelligently

and understandably waive his constitutional right to counsel.

The retroactive application of the rule of *Gideon v. Wainwright,* 372 U.S. 335 (1963), has been confirmed by the Pennsylvania Supreme Court. *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 202 A. 2d 303 (1964). *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964). The *Gideon* rule applies to pleas of guilty as well as to those of not guilty. *Commonwealth ex rel. O'Lock v. Rundle,* supra.

The Supreme Court in *O'Lock* stated at pages 525-526:

"Depending upon the particular circumstances of the case, the record must show, among other things, that the accused knew the nature of the crime charged against him, was advised or was aware of his right to counsel, and, if indigent or otherwise unable to secure counsel, that he was advised or was aware of his right to have assigned counsel but that the accused intelligently and understandingly rejected the services of counsel. However, where the accused enters a plea of guilty to a complicated offense, . . . the nature and completeness of the examination discussed in McCray is required."

In the instant case, appellant was brought into court to answer indictments charging him with serious crimes. The following colloquy took place.

"Mr. Cirillo: [Assistant District Attorney] Mr. Allen, how do you plead in the case of receiving stolen goods in the No. 5 April Term, 1959?

"The Defendant: April Term—

"Mr. Cirillo: That is the Court Term number. How do you plead to that case?

"The Defendant: Which one is that?

"Mr. Cirillo: The Commonwealth vs. Herbert Bernard Allen, No. 5 April Term, 1959, how do you plead?

"THE DEFENDANT: I mean for Block Brothers I plead guilty. That's all I know.

"MR. CIRILLO: Your Honor, in view of the fact that this is a burglary case, I suggest that counsel be appointed for the defendant so he could confer with him.

"THE DEFENDANT: I don't know no counsel.

"MR. CIRILLO: Are you going to plead guilty?

"THE DEFENDANT: I'm pleading guilty to one, just Block Brothers is all I'm pleading to.

"MR. CIRILLO: Just Block Brothers is all you are pleading to?

"THE COURT: I think you ought to have a lawyer. Are there any young lawyers around here?

"MR. CIRILLO: He refuses counsel, Your Honor.

. . .

"MR. CIRILLO: . . . Will the court stenographer note that the defendant refused counsel. His Honor wished to appoint counsel for him, and he turned down counsel.

"THE COURT: Yes, put this in the record.

"Mr. Allen, the Court will appoint counsel for you. Do you want a lawyer?

"THE DEFENDANT: No, sir.

"THE COURT: You do not want a lawyer, all right.

"MR. CIRILLO: Mr. Allen, in the case of the Commonwealth vs. Herbert Allen, 63 November Term, 1957, charging you with burglary, larceny, and stolen goods, you say you plead guilty to that as the Norristown case?

"THE DEFENDANT: I plead guilty to that."

From a close reading of the record, there was, in my opinion, no understanding and intelligent waiver of counsel. First, the mere fact that the court desired defendant's denial of counsel noted on the record does not constitute an intelligent waiver. The gist of the colloquy between court and the defendant indicates

that the accused never understood that he might have counsel appointed even though he could not afford one.

Second, the court must also assure itself that the defendant is aware of the crimes with which he is charged.

The lower court's finding that appellant's guilty plea was voluntarily entered is not relevant. The voluntariness of the pleas does not establish that a defendant intelligently and understandingly waived his right to counsel. Nor is the fact that appellant had been in court before in any way determinative on the issue of waiver. See *Commonwealth ex rel. Gordon v. Myers*, 424 Pa. 352, 227 A. 2d 640 (1967).

In this case, the record shows that the court made no attempt to ascertain whether appellant understood the nature of the charges against him, the possible defenses thereto, or the punishment that might be imposed. The testimony set forth above aptly illustrates the defendant's confusion as to the crimes with which he was accused. Furthermore, the record is devoid of any inquiry as to whether appellant fully comprehended the effect of his guilty plea. In view of the serious nature of the charges against him, it is my opinion that the lower court failed to conform to the standards set forth in *McCray* and *O'Lock*.

I would, therefore, reverse the order of the court below and remand for a new trial on Bill No. 63, November Sessions, 1957.