Commonwealth *v.* Barnette, Appellant.

Argued September 27, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*William K. Eckel,* for appellant.

*Thomas W. Nelson,* Assistant District Attorney, with him *Ferdinand F. Bionaz,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, December 20, 1971:

The question presented is whether defendant William Barnette voluntarily and intelligently waived his constitutional right to the assistance of counsel during the jury selection stage of his trial. We hold that the record indicates no such waiver and accordingly remand for a new trial.

Petitioner William Barnette and another youth were arrested and charged with larceny and receiving stolen goods. In the jury selection proceedings of their joint trial the following colloquy took place:

"BY JUDGE MCDONALD:

I think we should ask Mr. Barnett [sic] if he is agreeable to the selection of the jury.

"BY MR. WILENZIK:

I think we should ask him that. Mr. Barnett, will you come up here, please?

"BY THE COURT:

Now, Mr. Barnett, I have been informed that Mr. Eckel, your counsel, is in Johnstown with a broken down automobile, and his associate in the Public De-

fender's Office, Mr. Young, represents Lewis Land, the co-defendant here. Is it agreeable that for you, in the selection of the jury, he also represent you; not in the trial of the case, but in the selection of the jury?

"BY DEFENDANT, MR. BARNETT:

Yes."

Defendant argues that in being realistically obliged to rely on co-defendant's counsel during the jury selection he was denied his Sixth Amendment right to counsel.

It is, of course, firmly established that an accused has a constitutional right to counsel during all critical stages of a criminal proceeding: ". . . in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." *United States v. Wade,* 388 U.S. 218, 226, 87 S. Ct. 1926, 1932 (1967); *Massiah v. United States,* 377 U.S. 201, 84 S. Ct. 1199 (1964); *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792 (1963); *Powell v. Alabama,* 287 U.S. 45, 53 S. Ct. 55 (1932); *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964). Certainly in our adversary process the jury selection phase of a trial is a moment when "counsel's absence might derogate from the accused's right to a fair trial." This is particularly true in joint trial situations where counsel for each co-defendant is necessary to protect the interests of their respective clients—and especially to guard against the possible antagonistic interests in a multiple defendants' case. Cf. *Commonwealth v. Wilson,* 429 Pa. 458, 240 A. 2d 498 (1968); *Commonwealth ex rel. Whitling v. Russell,* 406 Pa. 45, 176 A. 2d 641 (1962).

The waiver of a constitutional right must be made knowingly and intelligently. *Johnson v. Zerbst,* 304 U.S. 458, 58 S. Ct. 1019 (1938); *Carnley v. Cochran,* 369

U.S. 506, 82 S. Ct. 884 (1962); *Commonwealth v. Anderson,* 441 Pa. 483, 272 A. 2d 877 (1971); *Commonwealth v. Singleton,* 439 Pa. 185, 266 A. 2d 753 (1970). To be a knowing and intelligent waiver the defendant must be aware of both the right and the risks of forfeiting the same. *Spanbauer v. Burke,* 374 F. 2d 67 (7th Cir. 1966), cert. denied, 389 U.S. 861, 88 S. Ct. 111 (1967); ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Providing Defense Services, §§7.2, 7.3 (Approved Draft 1968); cf. *Von Moltke v. Gillies,* 332 U.S. 708, 68 S. Ct. 316 (1948); Pa. R. Crim. P. 319. One United States Court of Appeals has wisely admonished that where defendant desires to waive his right to counsel he must first be "acquainted with the perils of a *pro se* defense." *United States v. Warner,* 428 F. 2d 730 (8th Cir. 1970). Obviously this admonition has particular relevance to the jury selection stage of a trial.

This Court has articulated the following standards for determining whether a defendant has waived counsel: ". . . in order to constitute an effective waiver of this important right, the record or evidence must show that he was offered counsel or, at least, made fully aware of his right to such assistance, and that he rejected it. Anything less is not a waiver." *Commonwealth ex rel. Gordon v. Myers,* 424 Pa. 352, 355, 227 A. 2d 640, 642 (1967); see also *Commonwealth ex rel. McKee v. Russell,* 429 Pa. 402, 240 A. 2d 559 (1968); *Commonwealth ex rel. O'Lock v. Rundle,* supra.

Was defendant William Barnette "made fully aware" in a constitutional sense of his right to counsel? We think not. Defendant might quite reasonably have interpreted the trial court's remarks to mean that he must either proceed and trust that co-defendant's counsel would somehow protect his interests while serving his own client, or face alone the task of selecting a jury. The defendant was not informed of the alternatives of

a continuance, or appointment of separate counsel solely for the purpose of selecting a jury, or perhaps a severance. Nor was there any attempt to make certain that "'. . . *accused's professed waiver of counsel [was] understandingly and wisely made [through] a penetrating and comprehensive examination of all the circum stances. . . .*'" (Emphasis in original.) *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 70, 202 A. 2d 303, 305 (1964) (quoting from *VonMoltke v. Gillies,* supra, at 724, 68 S. Ct. at 323). Only such an examination could ensure that defendant was aware of the intricacies of the proceeding and the consequences of his waiver.

The Hobson's choice thus presented defendant of either accepting co-defendant's counsel or impaneling a jury on his own does not comport with the constitutional standards for effective waiver. Accordingly, the Order of the Superior Court and the judgment of sentence is vacated and the record is remanded for a new trial.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.