Commonwealth *v.* Grant, Appellant.

420

Argued March 20, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Andrea Levin,* Assistant Defender, with her *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman,* Assistant District Attorney, with him *Paul J. Sullivan,* Assistant District Attorney, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, **appellee.**

OPINION BY PRICE, J., June 21, 1974:

On August 6-8, 1973, appellant, Michael Grant, was tried and convicted by a Philadelphia County jury on charges of carrying a concealed deadly weapon, violation of the Uniform Firearms Act (unlawfully carrying a firearm without a license and carrying firearms on a public highway), playfully and wantonly pointing a firearm, and aggravated robbery, arising out of the robbery of one Willie F. Brown in the 19th Tee Bar on February 24, 1973.

Sentence was deferred pending the filing of post-trial motions and for a neuro-psychiatric examination and a pre-sentence investigation. On October 24, 1973, after post-trial motions were denied, appellant was sentenced ten to twenty years for aggravated robbery, three years concurrent probation on the charges of carrying a concealed deadly weapon, carrying a firearm without a license, and carrying firearms on a public street, and one year concurrent probation for playfully pointing a firearm.

On August 6, 1973, when appellant's case was called for trial, the following colloquy, before Judge Thomas M. REED, which forms the basis of this appeal, took place:[1] "THE COURT: The Court calls the case of

---

[1] At a hearing on July 30, 1973, before Judge Robert W. WILLIAMS, JR., a colloquy concerning appellant's obtaining of counsel took place between the court and the appellant. This colloquy was not concerned with waiver of counsel at trial, and resulted in a continuance based on the assumption that appellant would later obtain counsel. [NT 9a']

Michael T. Grant. MISS FRANKEL: Your Honor, the Commonwealth is ready to proceed. THE COURT: What about defense counsel? MR. KELLY: Your Honor, at this time I ask—I have not talked to the defendant. I understand he wants to represent himself. I personally have not talked to him about the case. I think maybe His Honor would like to question the defendant about representation. THE COURT: Yes. Mr. Grant, come forward, please. You wish to represent yourself, sir? THE DEFENDANT: Your Honor, I ask the Court if it's possible for me to get private counsel? THE COURT: You don't want counsel who has been assigned to you? THE DEFENDANT: No, sir. THE COURT: All right. You can fire him. Tell him he is fired. THE DEFENDANT: Pardon me, sir? THE COURT: You can fire him. Go ahead and tell him he is fired. THE DEFENDANT: This man here? THE COURT: Yes, I can't hear you. Did you fire him? THE DEFENDANT: Yes, sir. THE COURT: *You just fired him right now. This is all on the record. All right. You will represent yourself then.* MR. KELLY: Your Honor, just for the record, I think he did ask His Honor for other counsel, private counsel, to be appointed. THE COURT: *That motion is denied. You will represent yourself.* Now, the Voluntary Defender, Mr. John Kelly, will sit at counsel table with him, make yourself available to him for any questions he may want to ask you during the course of the trial. You are to consult with him anytime you want to, Mr. Grant; do you understand that? THE DEFENDANT: Yes, sir." (NT vd2) (Emphasis added.)

Appellant contends that on the basis of this colloquy his constitutional right to representation was denied because he was forced to proceed at trial *pro se.* Specifically, appellant argues that he did not intelligently and voluntarily waive his right to counsel.[2] We

---

[2] In view of our disposition of this case, we do not reach other contentions made by appellant.

agree with appellant's contentions, and, therefore, reverse the judgment of sentence of the lower court and remand for a new trial.

It is well settled that a criminal defendant has the right to be represented by counsel at trial. *Gideon v. Wainwright,* 372 U.S. 335 (1963). However, under appropriate circumstances, the right to be represented may be waived. In order to be a valid and effective waiver, it must be the voluntary and intelligent act of the defendant. *Johnson v. Zerbst,* 304 U.S. 458 (1938); *Commonwealth v. Anderson,* 441 Pa. 483, 272 A. 2d 877 (1971). To evaluate whether a waiver of representation by counsel is valid, this court must determine whether or not the waiver was made ". . . [W]ith an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. *A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."* (Emphasis in original.) *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 69-70, 202 A. 2d 303, 305 (1964) (quoting from *Von Moltke v. Gillies,* 332 U.S. 708, 724 (1948).

The finding of a waiver may not be made lightly, *Moore v. Michigan,* 355 U.S. 155 (1957); *Commonwealth ex rel. McCray v. Rundle, supra,* and if the record does not affirmatively show the waiver, the burden of proving the waiver is on the Commonwealth.[3]

---

[3] *But see Commonwealth ex rel. Wright v. Cavell,* 422 Pa. 253, 258, 220 A. 2d 611, 614 (1966), which held that "where relator refused to have the Court appoint a lawyer to represent him and this refusal appears of record, the accused must show by a preponderance of the evidence that the waiver was not understand-

*Carnley v. Cochran,* 369 U.S. 506 (1962); *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964). The question of waiver must be determined regardless of whether the accused can or cannot afford to engage counsel. *Commonwealth ex rel. Murphy v. Rundle,* 210 Pa. Superior Ct. 524, 233 A. 2d 594 (1967).

The inquiry by the court "is dictated by the particular factual circumstances presented and the accused's awareness of his position before the court," *Commonwealth ex rel. O'Lock v. Rundle, supra,* at 525, and because "the question ultimately is the subjective understanding of the accused, rather than the quality or contents of the explanation given him, the court should question the accused in a manner designed to reveal that understanding, rather than framing questions which call for a simple 'yes' or 'no' response." ABA Project on Minimum Standards for Criminal Justice, *Standards Relating to Providing Defense Services* §7.2, Commentary at 63 (Approved Draft 1967).

The colloquy between the trial judge and the appellant clearly demonstrates that appellant did not voluntarily and intelligently waive his right to counsel at trial. The brief colloquy did not acquaint the appellant with an understanding of the charges against him. The court did not inform appellant of the exact charges, the elements of the charged crimes, the maximum statutory sentences, or the possible defenses that were readily apparent. The charges were of a highly technical nature, set out in three indictments, two of

---

ingly and intelligently made by him." In the colloquy at issue, the appellant did refuse appointed counsel: "THE COURT: You don't want counsel who has been assigned to you? THE DEFENDANT: No, sir." [NT vd2]. However, despite this testimony, we find that appellant shows by a preponderance of the evidence that the waiver was not understandingly and intelligently made. *See Commonwealth ex rel. Mullins v. Maroney,* 209 Pa. Superior Ct. 270, 228 A. 2d 1 (1967) (HOFFMAN, J., dissent).

which included four weapons charges. As a result, a comprehensive explanation by the court was necessary.[4] Such a requirement has been recognized by the Pennsylvania Supreme Court which has emphasized the need to acquaint a defendant with an understanding of the charges and possible defenses, which are readily apparent, especially when they are of a highly technical nature. *Commonwealth ex rel. McCray v. Rundle, supra,* at 70; *Commonwealth ex rel. O'Lock v. Rundle, supra,* at 526.

In a similar case, *Commonwealth v. Stanley,* 214 Pa. Superior Ct. 118, 251 A. 2d 681 (1969), involving charges of auto larceny and receiving stolen goods, this court, in recognizing the possible intricacies of the trial and that a defense to receiving stolen goods requires a subtle knowledge of *mens rea,* reversed the conviction because the lower court had conducted examinations far short of demonstrating an intelligent waiver of counsel. Judge HOFFMAN, in his opinion, noted that: ". . . [T]he complexity of circumstances involved in appellant's trial produced a situation in which a layman, untutored in the law, could not represent himself with the skill and understanding that a lawyer would bring to the case.

"Accordingly, it was incumbent on the court to conduct a full and complete colloquy with appellant before allowing him to proceed to trial without benefit of counsel." 214 Pa. Superior Ct. at 121, 251 A. 2d at 682.

---

[4] The lower court made no inquiry to ascertain whether the appellant was capable of understanding the momentous decision he was making, i.e., there is nothing on the record showing appellant's age, educational background, etc. Although appellant had a criminal record prior to his appearance in court on the instant charges, the fact that appellant had been in court before is in no way determinative on the issue of waiver. *See Commonwealth ex rel. Gordon v. Myers,* 424 Pa. 352, 227 A. 2d 640 (1967).

It is also evident from the record that appellant's waiver of right to counsel was not voluntary. Waiver may not be found from the appearance of appellant without counsel, *Rice v. Olsen,* 324 U.S. 786 (1945), or from the failure to request counsel. *Carnley v. Cochran, supra.* See *Commonwealth ex rel. Goodfellow v. Rundle,* 415 Pa. 528, 204 A. 2d 446 (1964). The colloquy indicates that appellant merely informed the court that he wanted private counsel appointed, and did not make a precise request to represent himself. When appellant's request was denied, he was directed by the trial judge, without further advice, to fire the public defender and represent himself.[5] When appel-

---

[5] A number of courts have noted that it is also necessary for the court to acquaint the appellant "with the perils of a *pro se* defense." *See, e.g., United States v. Warner,* 428 F. 2d 730, 734 (8th Cir.), *cert. denied,* 400 U.S. 930 (1970). In *United States ex rel. Higgins v. Fay,* 364 F. 2d 219 (2d Cir., 1966) the defendant indicated that he wished to retain a "paying lawyer," and dismiss the public defender. The court dismissed defendant's appointed counsel and ordered the defendant to represent himself. In affirming the lower court's granting of a writ of habeas corpus and ordering a new trial, the Court of Appeals emphasized that the defendant's sole request was for a paid lawyer and that at no time did he indicate that he wished to proceed *pro se.* The Court also noted that a defendant who insists to proceed *pro se* must, for his own protection, make an unequivocal request to act as his own lawyer in order to invoke that right. The defendant must also be accorded a clear-cut explanation of his rights in order that the trial court may ascertain whether the defendant understood that if he discharged court-appointed counsel he would have to proceed *pro se. See also Commonwealth v. Fletcher,* 441 Pa. 28, 32, 269 A. 2d 727, 730 (1970), wherein the Pennsylvania Supreme Court, after a similarly ambiguous waiver as in the instant appeal, noted that it was far from clear that defendant had desired to have no counsel other than the public defender; *United States v. Calabro,* 467 F. 2d 973 (2d Cir., 1972), *cert. denied,* 410 U.S. 926 (1973), where the court delineated the factors to be taken into consideration as to the defendant's understanding that he had a choice between proceeding *pro se* and with assigned counsel, the advantages of having one

lant hesitated in confusion, the court pressed him: "Go ahead and tell him he is fired." As a result of this colloquy, the appellant did not voluntarily waive his right to counsel, but rather appellant acquiesced in the waiver only after prodding by the trial judge. Cf. *Commonwealth v. Evans*, 434 Pa. 52, 252 A. 2d 689 (1969).

Appellant may not frustrate or obstruct the orderly procedure of the court and the administration of justice by continual insistence of representation by private counsel, even though unable to afford such representation, or the continual refusal of the services of the public defender. See *United States ex rel. Fletcher v. Maroney*, 280 F. Supp. 277 (W.D. Pa.), *cert. denied*, 393 U.S. 873 (1968); *Commonwealth v. Puntari*, 198 Pa. Superior Ct. 70, 181 A. 2d 719 (1962). However, as in the instant case, the intransigent behavior by the appellant does not negate the requirement for a full and complete colloquy in order that appellant may make a competent and intelligent waiver of his right to counsel.

For these reasons we find that the colloquy between the court and the appellant does not support a claim of voluntary and intelligent waiver of counsel by the appellant at trial.

Judgment of sentence reversed, and case remanded for a new trial.

---

learned in the law to represent him, and his capacity to make an intelligent choice; *Commonwealth v. Barnette*, 445 Pa. 288, 285 A. 2d 141 (1971), where a new trial was ordered because inadequate waiver of counsel at jury selection stage of trial.