372 A.2d 919

**COMMONWEALTH of Pennsylvania**

v.

**Rubin GLOVER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided April 19, 1977.

466

John W. Packel, Assistant Defender, Philadelphia, for appellant.

Deborah E. Glass and Steven H. Goldblatt, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken to our Court from judgments of sentence following jury verdicts of guilt on indictments charging theft by deception,[1] forgery[2] and theft by receiving stolen property.[3] Post-trial motions were made and denied. Only one issue has been preserved for appeal and briefed before us—whether it was error for the lower court to have denied appellant's request to proceed with his trial without the assistance of court-appointed counsel, a member of the staff at the Defender Association of Philadelphia.

Trial of the case was first set for June 9, 1975. No court was available on that day and the case was continued to July 30, 1975. The Commonwealth asked for a continuance which was granted. On September 10, 1975, defendant's motion to suppress physical evidence was heard and denied; the testimony of a Commonwealth witness who was in ill health was taken. Trial was relisted for September 30, 1975, when it was again continued at the Commonwealth's request to October 27, 1975. On that date the defendant requested a jury trial and the case was put over to October 29, 1975.

1. "Crimes Code", § 3922.

2. "Crimes Code", § 4101.

3. "Crimes Code", § 3925.

During all this time the defendant was represented by counsel from the Public Defender's Office of Philadelphia. On October 29, 1975, the defendant announced to the court that he did not want to be represented by Attorney Drew Salaman who had been designated by the Public Defender to defend Glover nor by anyone else from the Office of the Public Defender. The defendant said further that he did not want to represent himself and that his family was making arrangements for Attorney Edward Rendell to act as his counsel. The court thereupon held the case over for a day to enable Mr. Rendell to appeal.[4] On the following day the defendant appeared without private counsel. He asked that the court appoint new counsel or he would represent himself.

The court examined the defendant with respect to his proposed waiver of counsel. It became apparent that the defendant had only a 9th grade education, that he did not know the nature of the charges against him, that he was not aware of possible defenses nor of mitigating circumstances, that he did not understand the constituent elements of the charges nor the possible penalties and he had never before represented himself in court.[5]

Both our state and federal constitutions give the right to one accused of crime to be represented by counsel. The court uses confirming this right are legion. In the case of *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, the Supreme Court held that one accused of crime has a concomitant right to represent himself. On the one hand the court held that " . . . no accused can be convicted and imprisoned unless he has been accorded the right to the assistance of counsel," at 422 U.S. 832, at 95 S.Ct. 2540, at 45 L.Ed.2d 580. In *Commonwealth ex rel. McCray v. Rundle,*

4. The following day defense counsel told the court that he had contacted Mr. Rendell who said he knew the mother of the defendant but that "there had been no recent effort by her to contact him at any time before this particular case". N.T. 35.

5. In *Faretta v. California, infra,* the defendant had previously represented himself in court and his request for self representation was made well in advance of trial.

415 Pa. 65, 202 A.2d 303 (1964) our Supreme Court cited with approval the case of *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948) which was referred to in *Faretta.*

 To avoid the potential conflict between the two rights, viz., the right to counsel and the right to represent one's self the law has required that a waiver of counsel must be competently and intelligently made. In *Gillies, supra,* the court said:

"To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments, thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." [6]

 Instantly from the defendant's lack of knowledge of what he was faced with at the impending trial, the trial judge decided that the defendant had not made a knowing, competent and intelligent waiver of counsel—accordingly, the judge refused to accept the waiver and appointed Attorney Salaman to represent the defendant.

We find no impropriety in this action of the trial judge. Had the trial court done otherwise the defendant very likely would have placed himself at a severe disadvantage insofar as his rights were concerned. We believe that the right to counsel properly prevailed over the right of self representation in these circumstances.

Affirmed.

SPAETH, J., files a concurring opinion in which HOFFMAN and PRICE, JJ., join.

6. While *Gillies* involved a plea of guilty after a waiver of counsel, the guilty plea situation serves to remind us of the fundamental principles involved in waiver of counsel by a defendant in a criminal case.

SPAETH, Judge, concurring:

I concur in the majority's result, only because, unlike the defendant in *Faretta v. California,* appellant never "clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel." 422 U.S. at 835, 95 S.Ct. at 2541.

I disagree with the majority's implication that in order to be allowed to represent himself a defendant must have attained a certain level of education, must have a demonstrable grasp of legal principles or procedures, or must have experience in self-representation.

> Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."
>
> . . .
>
> . . . We need make no assessment of how well or poorly Faretta had mastered the intricacies of the hearsay rule and the California code provisions that govern challenges of potential jurors on voir dire. For his technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself.

*Faretta v. California,* 422 U.S. at 835–36, 95 S.Ct. at 2541 (citation and footnote omitted).

The colloquy required by *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), is intended to ensure that a defendant knows what he may be giving up when he waives right to counsel. If a defendant is not sure of the exact nature of the charges against him, possible defenses, and so on, the court should inform him. *See Commonwealth v. Grant,* 229 Pa.Super. 419, 424–425, 323 A.2d 354, 357–358.

HOFFMAN and PRICE, JJ., join in this opinion.