401 A.2d 837

**COMMONWEALTH of Pennsylvania**

v.

**James Lee HAUSER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1978.

Decided April 12, 1979.

---

136

John Woodcock, Jr., Public Defender, Hollidaysburg, for appellant.

Susan P. Rea, Assistant District Attorney, Hollidaysburg, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

SPAETH, Judge:

Appellant was convicted by a judge sitting without a jury of neglecting to support an illegitimate child.[1] Before the trial started, appellant waived his right to counsel. The issue on this appeal is whether his waiver was intelligent.

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 4323.

■ After the trial judge had read aloud the information, the following exchange took place:

*Interrogation of Defendant by the Court* :

Q. Do you have counsel Mr. Hauser?

A. No, I am going to represent myself.

Q. You are going to represent yourself?

A. Yes.

Q. That's of your own volition?

A. Well, I talked to a lawyer but I couldn't come up with the five hundred bucks that he required.

Q. Are you familiar with the fact that you are entitled to the services of a Public Defender if you are indigent and not able to afford counsel fees?

A. Who am I supposed to see?

Q. Who do you see for that?

A. Yes?

Q. Well, you see the Public Defender, who do you suppose you'd see?

A. I don't know.

Q. Pardon me?

A. I don't know the guy.

Q. Whom did you ask?

A. I didn't ask anybody.

Q. Where do you work?

A. I ain't working right now.

Q. Where did you work last?

A. A. & P. Bakery.

Q. When?

A. June 3rd was my last day.

Q. Are you receiving unemployment compensation?

A. No, I'm fighting that.

Q. Pardon me?

A. No, I'm fighting for that.

Q. With whom do you live?

A. My wife.

Q. Is she employed?

A. No.

Q. You didn't make any inquiry about counsel?

A. Yes, I filled a paper out and they said I made too much money last year.

Q. Who said?

A. You did.

Q. Pardon me.

A. I brought the paper to you.

Q. When?

A. Over in your office one day. You said I made too much money last year

THE COURT: Go over and see if we have a paper from Mr. Hauser, Miss Nicholson.

(Reporter unable to locate such paper)

Q. What kind of paper did you fill out in my office?

A. I didn't fill it out in your office, I brought it to your office.

Q. You what?

A. I brought the regular form to your office.

Q. You mean from the Public Defender's Office?

A. Yes.

Q. And I, after reviewing it, affirmed the decision made by the Public Defender's Office?

A. You said I made too much money last year.

Q. Yes . . .

A. What I made last year . . .

Q. Pardon me.

A. What I made last year ain't doing me any good this year.

Q. Well, it should be. There's too many people like you, spend everything they earn, put nothing aside and expect the taxpayers to take care of you.

A. I think that's my business.

Q. Pardon me.

A. That's my business what I spend.

Q. Well, it may be your business as to what you spend, but its my business as to whether or not the taxpayers are going to furnish a lawyer to you free of charge, at the expense of the taxpayers.

A. Well I pay taxes.

Q. Oh, yes, how much are you paying in taxes now?

A. Nothing, now.

Q. Nothing, exactly. That's what most of you pay, nothing. All right, you're going to represent yourself, Mr. Hauser?

A. Yes.

Q. All right.

N.T. 2–4.[2]

2. The trial judge conducted the following colloquy with appellant concerning his waiver of his right to a trial by jury:

Q. Do you want a trial before the Court or trial before the jury, Mr. Hauser?

A. It don't matter.

Q. Pardon me?

A. It don't matter.

Q. Well, its up to you to decide which you want. You are entitled to a trial by jury if you want one.

A. Trial by Judge.

\* \* \* \* \* \*

Q. You understand you're entitled to a trial by jury if you want such a trial?

A. Yes.

Q. And do you realize and understand that at this point you can ask for a trial by jury rather than have the matter tried by the Court?

A. Yes, sir.

Q. Do you understand that if you ask for a trial by jury the jury would be composed of folks from Blair County?

A. Yes, I know that.

Q. Pardon me.

A. Yes, sir, I know that.

Q. You have here executed a waiver of jury trial and elected to have the matter heard by the Court without a jury, is that your voluntary act and deed?

A. Yes, sir.

THE COURT: We'll hear the matter.

N.T. 4–5.

This colloquy was deficient in that it did not tell appellant that he had the right to participate in selecting the jury, and that the jury's verdict would have to be unanimous. *See Commonwealth v. Greene,*

The Commonwealth called the child's mother. She testified that she was married but had been separated from her husband during May, June, and July of 1976. She also testified that during this separation she had had sexual relations with appellant while in Altoona, and had not had sexual relations with anyone else. The child was born on April 12, 1977. Appellant did not cross-examine the mother. He testified in his own behalf that he had not been in Altoona but in Williamsburg during the period in question and that he was not seeing the mother at that time. Appellant's wife testified that appellant had indeed been on a "bender" in Williamsburg during early July 1976, and had not returned home to her until some two to three weeks later. After his wife had finished testifying appellant was asked whether he had any other witnesses, and he replied, "No I didn't bring any with me?" N.T. 16. The trial then ended and the trial judge found that appellant had fathered the child and was therefore liable for its support. The judge ordered appellant to pay the costs of prosecution, to reimburse the Department of Welfare of all expenses, and to pay the sum of $12 per week as support beginning as of the date of the birth of the child.

It is settled that an accused has a constitutional right to be represented by counsel during the critical stages of a criminal proceeding. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *see United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) (line up); *Commonwealth v. Barnette,* 445 Pa. 288, 285 A.2d 141 (1971) (jury selection); *Commonwealth v. Tarver,* 253 Pa.Super. 185, 384 A.2d 1292 (1978) (pre-trial conference). However, an accused also has the right to represent himself. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Commonwealth v. Davis,* 479 Pa. 274, 388 A.2d 324 (1978); *Commonwealth v. Glover,* 247 Pa.Super. 465, 372 A.2d 919 (1977). In order to "avoid the potential conflict between . . . the right to counsel and the right to

483 Pa. 195, 394 A.2d 978 (1978); *Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978).

represent one's self the law has required that a waiver of counsel must be competently and intelligently made." *Commonwealth v. Glover, supra,* 247 Pa.Super. at 468, 372 A.2d at 920–21. A court should not lightly assume that an accused has waived his right to counsel. *See Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 202 A.2d 303 (1964). The record must show that in waiving his right the accused was aware both of the right and of the risks attendant upon its waiver. *Commonwealth v. Barnette, supra,* 445 Pa. at 291, 285 A.2d at 142, *citing, Spanbauer v. Burke,* 374 F.2d 67 (7th Cir. 1966), *cert. denied,* 389 U.S. 861, 88 S.Ct. 111, 19 L.Ed.2d 127; *see Commonwealth ex rel. Gordon v. Myers,* 424 Pa. 352, 227 A.2d 640 (1967). In *Von Moltke v. Gilles,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), the Supreme Court explained the trial court's responsibility in determining whether there is a competent and intelligent waiver of the right to counsel:

> To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered. 332 U.S. at 724, 68 S.Ct. at 323.

*See Commonwealth ex rel. Gordon v. Myers, supra; Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A.2d 439 (1964); *Commonwealth ex rel. McCray v. Rundle, supra; Commonwealth v. Glover, supra; Commonwealth v. Grant,* 229 Pa.Super. 419, 323 A.2d 354 (1974); *Commonwealth ex rel. Murphy v. Rundle,* 210 Pa.Super. 524, 233 A.2d 594 (1967); *Commonwealth ex rel. Clinger v. Russell,* 206 Pa.Super. 436, 213 A.2d 100 (1965); *Commonwealth ex rel. Brown v. Cavell,* 206 Pa.Super. 11, 211 A.2d 22 (1965); *Commonwealth ex rel. Ross v. Botula,* 206 Pa.Super. 1, 211 A.2d 42

(1965); *Commonwealth ex rel. Carter v. Myers,* 205 Pa.Super. 478, 211 A.2d 46 (1965); *see also Commonwealth v. Davis, supra.*

■ In this case the trial judge failed to conduct "a penetrating and comprehensive examination of all the circumstances." *Von Moltke v. Gilles, supra.* Instead, the judge merely engaged in an argument with appellant concerning his failure to save his money and pay taxes. Whether appellant had paid taxes or not was irrelevant to the competence of his decision to represent himself. Rather then commenting that appellant was one of "too many people" who "spend everything they earn, put nothing aside and expect the taxpayers to take care of [them]", the judge should have assured himself that appellant understood the charge and possible punishment, and was "acquainted with 'the perils of a *pro se* defense.'" *Commonwealth v. Barnette, supra,* 445 Pa. at 291, 285 A.2d at 143, *quoting, United States v. Warner,* 428 F.2d 730 (8th Cir. 1970); *see also Commonwealth v. Davis, supra,* 479 Pa. at 282–283, 388 A.2d at 328–329; *Commonwealth v. Glover, supra,* 247 Pa.Super. at 467, 372 A.2d at 921 (SPAETH, J., concurring).

The Commonwealth argues that by reading aloud the information at the beginning of the trial, the trial judge offered an adequate explanation. It is true that the nature and extent of a judge's inquiry into the competence of a tendered waiver will be affected by the particular factual circumstances. Thus in a case involving a simple offense the explanation need not be as detailed as in a case involving a more complex or obscure crime. *See Commonwealth ex rel. O'Lock v. Rundle, supra,* 415 Pa. at 528, 204 A.2d at 445.[3] However, in all cases, simple or complex, the record must show that the judge has determined the competency of the waiver. That determination cannot be based on a mere recitation of the indictment or information; mere recitation can never be equivalent to "penetrating and comprehensive examination."

3. *See also Commonwealth v. Wolfe,* 222 Pa.Super. 269, 273–74, 294 A.2d 904 (1972) (HOFFMAN, J., dissenting); *Commonwealth v. Stanley,* 214 Pa.Super. 118, 251 A.2d 681 (1969).

143

Given the failure of the trial judge here to make sure that appellant understood the charge and possible punishment, and the possible disadvantage of proceeding without counsel, we cannot hold that appellant's waiver of his right to counsel was competently and intelligently made.

Reversed and remanded for new trial.