428 A.2d 1006

COMMONWEALTH of Pennsylvania,

v.

Thomas George DALE, Appellant.

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed April 20, 1981.

John T. Forry, Reading, for appellant.

Charles M. Guthrie, Assistant District Attorney, Reading, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

Appellant, Thomas George Dale, was charged with burglary,[1] theft by unlawful taking,[2] receiving stolen property,[3] criminal conspiracy,[4] and two counts of corruption of minors.[5] The office of the Public Defender, which had represented appellant on several prior, unrelated cases, was again assigned as counsel. Appellant was represented by the same assistant public defender on at least three previous occasions and was to be represented by him on the present case. On December 7, 1977, appellant, with counsel, appeared before the Honorable Forrest G. Schaeffer, Berks County Assignment Judge. At that time, appellant, citing differences of opinion with counsel in regard to trial strategy, discharged assigned counsel and requested appointment of a substitute

---

* Pres. Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania are sitting by designation.

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 3921.

3. 18 Pa.C.S. § 3925.

4. 18 Pa.C.S. § 903.

5. 18 Pa.C.S. § 3125.

defense attorney. A colloquy ensued during which appellant refused to sign a waiver of counsel form. The court declined to assign a substitute defense attorney. There is no record available reflecting what, if any, additional colloquy was conducted. The case was assigned for trial before Judge James W. Bertolet.

On December 8, 1977, appellant appeared before the trial court with previously assigned counsel. Again appellant requested the assignment of a substitute defense attorney. The trial court ruled that appellant's reasons for seeking substitute counsel were not adequate and permitted appellant to appear pro se. Prior to accepting appellant's waiver of the right to counsel, the trial court did not conduct a colloquy reviewing the ramifications of such a decision. The trial court, as cited by appellant, instead stated:

"and we will proceed the normal way of which you are familiar. You have been tried before and know what the normal way is. You act as your own attorney or you don't have to say anything. It is up to you." (N.T. pg. 7)

No record of any additional colloquy is before the court.

Appellant then proceeded to trial pro se, with previously assigned counsel present in an advisory capacity. Appellant was convicted by a jury of burglary, theft, criminal conspiracy, and one count of corruption of a minor.

This appeal, in which appellant is represented by new counsel, followed.

Appellant raises three grounds in support of his request for a new trial. In view of our conclusion that appellant did not voluntarily, understandingly, or intelligently waive his right to representation by counsel during trial, we need not consider the remaining two arguments presented.

It is well settled that criminal defendants have a constitutional right to be represented by counsel at trial. However, an accused also has the right to represent himself, if he so chooses.

In *Comm. v. Hauser,* 265 Pa.Super. 135, 401 A.2d 837 (1979), the court in examining the validity of a purported waiver of trial counsel noted that such a waiver must be competently and intelligently made. The court held that the accused must be made aware of the right to counsel and the risks which accompany a waiver of said right. Quoting *Von Moltke v. Gillies,* 322 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948), the court stated:

> To be valid such a waiver must be made with an apprehension of the nature of the charges, the statutory offenses included with them, the range of allowable punishments thereunder, possible defenses to the charges, and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered. 265 Pa.Super. 141, 401 A.2d at 840.

See also *Comm. v. Tyler,* 468 Pa. 193, 360 A.2d 617 (1976); *Comm. v. Davis,* 479 Pa. 274, 388 A.2d 324 (1978); *Comm. v. Grant,* 229 Pa.Super. 419, 323 A.2d 354 (1974), and *Comm. v. Fowler,* 271 Pa. 138, 412 A.2d 614 (1979) (in context of a preliminary hearing waiver.)

In this case, the trial judge did not conduct a thorough and comprehensive colloquy with appellant. Instead the trial court merely concluded, without sufficient inquiry, that appellant's prior trial experience as a criminal defendant was sufficient to allow a voluntary, intelligent, understanding waiver of counsel.

Given the trial court's failure to conduct an appropriate colloquy, we are left with no alternative but to conclude that appellant's waiver of his right to counsel was not competently and intelligently made.

We reverse the decision of the lower court and grant appellant a new trial.