464 A.2d 496

**COMMONWEALTH of Pennsylvania**

**v.**

**Johnny BAKER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 1983.

Filed Aug. 12, 1983.

20

John P. Yatsko, Norristown, for appellant.

Ronald Thomas Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

Appellant, Johnny Baker, was charged with assault by prisoner, recklessly endangering another person, possessing prohibited offensive weapons, two counts of possessing instruments of crime, two counts of simple assault, and two counts of aggravated assault. These charges resulted from appellant's unprovoked attack upon fellow inmate, George Ingram, on August 17, 1976, with a four-inch pair of trimming shears while both men were incarcerated in the State Correctional Institution at Graterford, Pennsylvania.

On January 27, 1977, appellant was brought before the Court of Common Pleas in Montgomery County, Pennsylvania, for a non-jury trial. An assigned attorney from the Montgomery County Public Defenders' Office appeared on appellant's behalf; however, appellant insisted upon representing himself. Thereafter, the court conducted a colloquy in an attempt to assure the validity of appellant's waiver of counsel. Satisfied that appellant was fully aware of the charges and his constitutional rights, those remaining and those waived, the court permitted assigned counsel to withdraw and proceeded to conduct the non-jury trial with appellant promoting a pro se defense.

Appellant was found guilty of simple assault; he was acquitted on the remaining charges. At sentencing on April 29, 1977, appellant was ordered to serve a term of imprisonment of not less than one nor more than two years in a State Correctional Institution. This term was to run consecutively to those under which appellant was serving at the time of the offense. Appellant also appeared at sentencing without legal representation, and no colloquy was conducted at sentencing to determine the validity of appellant's continued waiver of his right to counsel.

Although appellant made oral post trial motions immediately following trial, no appeal was taken from the judgment of sentence; instead, appellant filed a pro se petition for post conviction relief. The Commonwealth filed a motion to dismiss and an answer to appellant's petition. Appellant was represented by counsel at oral argument on his P.C.H.A. petition. The lower court briefly took the matter under advisement prior to denying appellant's prayer for relief. This appeal followed.

Appellant seeks a new trial on grounds that he did not knowingly, intelligently and voluntarily waive his right to counsel at trial. In *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court considered the Sixth Amendment and both English and colonial jurisprudence as bases for holding that an accused possesses the constitutional right to proceed with his defense *without* the aid of counsel. As noted by the *Faretta* court, the Sixth Amendment provides the minimum procedural due process rights of notice of the nature and grounds for each charge, confrontation, compulsory process for securing witnesses and the assistance of counsel. These rights belong solely to the accused, and they are aids to a "willing defendant." Therefore, according to the *Faretta* court, it would contravene the logic of the Sixth Amendment to force counsel upon an unwilling defendant, thereby promoting counsel as the master of the accused, rather than as his assistant.

The *Faretta* court dismissed any conceivable conflict between the accused's *right* to be prosecuted only where he was accorded the opportunity to defend himself with legal assistance, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), and the accused's *option* to proceed with counsel; the former maxim does not compel an accused to defend criminal charges with the aid of counsel.

■■■ Accordingly, in this case, the lower court would not simply dismiss appellant's wishes, as expressed in the following portions of the colloquy at trial:

THE COURT: Well, you started to say something that you didn't want Mr. Fitzgerald to represent you.

APPELLANT: No, I don't.

THE COURT: Do you have a lawyer?

APPELLANT: I'm my own lawyer.

THE COURT: You want to represent yourself?

APPELLANT: I am going to.

(N.T., January 27, 1977, page 5).

. . . .

THE COURT: You understand your rights concerning legal representation, do you not?

APPELLANT: I do.

THE COURT: Understanding that and everything that I said to you, will you tell me specifically whether or not you desire to be represented by a lawyer?

APPELLANT: Well, your Honor, I think I answered that question from the beginning. I am my own lawyer.

(N.T., January 27, 1977, page 5).

Having heard appellant's desire to proceed without counsel's assistance, the trial judge was required to comply with the skeletal mandate of Pa.R.Crim.P. 318(c):

PROCEEDINGS BEFORE A JUDGE. When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defend-

ant, on the record, whether this is a knowing, voluntary and intelligent waiver of counsel.

Rule 318(c) does not instruct lower court judges as to the extent of an inquiry into the accused's knowledge and intelligence and the voluntariness of his waiver. In *Commonwealth ex rel. McCray v. Rundle*, 415 Pa. 65, 202 A.2d 303 (1964), our Pennsylvania Supreme Court held that this inquiry shall not be engaged in lightly; rather, constitutional rights, elements of the offenses, ranges of penalties and fines and other relevant facts and law shall be adequately explained to the accused. The onus carried by trial judges here was explained in *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948):

To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which a plea is tendered.

*Id.*, 332 U.S. at 723–724, 68 S.Ct. at 323.

A form providing for the simple written waiver of counsel, without this on-the-record inquiry, will not suffice as an alternative means to assuring valid waivers. *Commonwealth ex rel. McCray v. Rundle*, supra.

The rights to effective assistance of counsel and to represent oneself are extensively applied. For instance, a

judge's thorough inquiry into the accused's appreciation of both rights must be used in certain summary proceedings, Pa.R.Crim.P. 318(a), at trial, *Gideon v. Wainwright*, supra, guilty plea hearings, *Commonwealth ex rel. Johnson v. Maroney*, 416 Pa. 451, 206 A.2d 322 (1965); *Commonwealth v. Sliva*, 415 Pa. 537, 204 A.2d 455 (1964), sentencing, *Commonwealth ex rel. Remeriez v. Maroney*, 415 Pa. 534, 204 A.2d 450 (1964), and every "critical stage" of a criminal proceeding. *White v. Maryland*, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); *Gideon v. Wainwright*, supra. Once an accused is deemed to have made a voluntary, knowing and intelligent waiver of counsel, a judge is encouraged at trial in court cases to make counsel available throughout the proceedings in, at least, an advisory capacity. *Commonwealth v. Africa*, 466 Pa. 603, 353 A.2d 855 (1976).

In this case, immediately after counsel from the Montgomery County Public Defender's Office informed the court that appellant wished to represent himself, the trial judge reviewed the charges:

> THE COURT: Well, let me say what the charges are and then I may have a colloquy with him.

> MR. FITZGERALD: Very well, sir.

> THE COURT: The first information is 3523–76. It's a multiple count indictment and the District Attorney has red-lined certain ones. Count four is the first one and it's simple assault-bodily injury. Count five is aggravated assault-serious bodily injury. Count seven is simple assault with a deadly weapon-bodily injury and count eight is aggravated assault-serious bodily injury.
>
> The fifth count makes it a felony; doesn't it? That's a felony information, do you agree?

> MR. KEENAN: I believe so.

> MR. FITZGERALD: Yes.

> THE COURT: 3523.1 of 76 charges assault by prisoner and—well, it happened on the same alleged date as the first one, August 17, 1976. It involved someone named George Ingram. The assault by prisoner is the same

date and the same alleged victim. It says the weapon or instrument used were four inch trimming shears. 3523.3 of 76 is a three count indictment, possession of an instrument of crime with intent, possession of a weapon with intent and possession of an offensive weapon. Again, it's the same date and the same trimming shears.

(N.T., January 27, 1977, pp. 3–4).

An instruction to appellant concerning his right to the services of counsel and his right to free representation, should he prove indigent, immediately followed the court's review of the charges. Afterwards, the court inquired into appellant's understanding of the compiled, maximum imprisonment of "20 or more years", and the need for him to be free from the effects of intoxicants, controlled substances, prescribed medicine or drugs.

In *Commonwealth v. Hauser*, 265 Pa.Super. 135, 401 A.2d 837 (1979), the defendant waived his right to counsel in defense of charges for neglecting to support an illegitimate child. The lower court colloquy merely contained inquiries into the defendant's employment and his eligibility for free assistance of counsel. The court also criticized the defendant for freely spending his income, not paying taxes and using taxpayer's money to defray the cost of legal representation. The *Hauser* court reversed and remanded for a new trial because the colloquy did not produce a valid waiver of counsel inasmuch as it failed to assure the defendant's understanding of the charge, possible penalties and fines and the risks of a pro se defense. With respect to "mere recitation" of the charges, the *Hauser* court held:

It is true that the nature and extent of a judge's inquiry into the competence of a tendered waiver will be affected by the particular factual circumstances. Thus, in a case involving a simple offense, the explanation need not be as detailed as in a case involving a more complex or obscure crime. However, in all cases, simple or complex, the record must show that the judge has determined the competency of the waiver. That determination can-

not be based on a mere recitation of the indictment or information; mere recitation can never be equivalent to "penetrating and comprehensive examination."

*Id.*, 265 Pa.Superior Ct. at 142, 401 A.2d at 841.

 It is evident that the trial judge here merely read the information; he reviewed neither the elements of the offenses nor the factual basis of each charge. We find this portion of his inquiry to be "mere recitation" of the charges. Were we to analyze the validity of appellant's waiver under the "totality of the circumstances" test, espoused by *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982), as an alternative mechanism for determining the validity of guilty pleas, but not yet applied by our courts to the validity of right to counsel waivers, the lower court colloquy remains deficient. Unlike *Shaffer*, supra, the waiver here could only occur before the Commonwealth presented its case; therefore, there was no prosecution testimony to apprise appellant more fully of the nature of the charges. Similarly, unlike *Shaffer*, we cannot find prejudice incurred by the Commonwealth. The Commonwealth carries the burden of proving the validity of an accused's waiver of right to counsel. *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa. 515, 204 A.2d 439 (1964). The Commonwealth did not encourage the lower court to make a complete inquiry; therefore, we cannot consider the re-presentation of a case at new trial to be prejudicial where the inconvenience was largely self-imposed.

Appellant also argues that sentencing was invalidly imposed in that no inquiry was made into his choice to appear without counsel. In light of our decision to reverse and remand for a new trial on grounds of a deficient colloquy on waiver of counsel at trial, we need not address this second contention.

Reversed and remanded for a new trial on one count of simple assault, causing bodily injury.