421 A.2d 796

**COMMONWEALTH of Pennsylvania**

v.

**Gerald R. WENTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Filed Aug. 22, 1980.

Petition for Allowance of Appeal Granted Jan. 9, 1981.

428

Wilbert H. Beachy, III, Public Defender, Somerset, for appellant.

Frederick F. Coffroth, District Attorney, Somerset, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH, HESTER and WATKINS *, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Somerset County, Criminal Division, by the defendant–appellant, Gerald Wentz, after conviction of operating a motor vehicle after the operating privileges were suspended on which charge he entered a guilty plea and of operating a motor vehicle under the influence of intoxicants on which charge he was convicted by a jury. In this appeal, the defendant claims that he was denied his Sixth Amendment right to counsel at his guilty plea and at his jury trial. Defendant was sentenced to concurrent prison terms of from one (1) to three (3) years as a result of the said convictions.

Defendant was charged with the instant offenses on February 22, 1977. He was preliminarily arraigned and subsequently waived his right to preliminary hearing. The case was then returned for court action.

The defendant was arraigned on May 2, 1977. He appeared at his arraignment without counsel and entered a plea of not guilty. At that time he was admonished by the arraignment judge to obtain counsel. He entered his not guilty plea by stating that: "If I can get a good lawyer here, I'll plead not guilty". Criminal trials for the May Term of court were scheduled for a consecutive two–week

* Judge G. HAROLD WATKINS is sitting by designation.

period beginning May 23, 1977. Despite the court's admonishments to the defendant to the effect that he should obtain counsel, defendant appeared on May 23, 1977 without counsel. At that time he indicated to the court that he had requested "free" counsel. The court advised the defendant that because he was working he was not entitled to "free" counsel. He had been advised by the court on May 2, 1977 that he was not eligible for "free" counsel after the defendant had indicated a desire to obtain a court–appointed attorney. During a pre–trial colloquy on May 23, 1977 the defendant indicated that he had not obtained counsel and also failed to indicate that he had attempted to obtain private counsel of his own. During a discussion relative to the fact that the defendant had appeared without counsel the court below stated to the defendant that: "You're going to have to make up your mind." The defendant replied that: "I don't know any attorneys right around here." The defendant then admitted that he had known of the trial date for "weeks and weeks". His excuse for appearing without counsel was that he was from another county and didn't know any attorneys "around here". At that point the court directed the Sheriff to assist the defendant in picking a jury. At the start of the trial the defendant stated to the court that he was indeed "under suspension" when apprehended but denied being under the influence. The Sheriff then assisted the defendant in choosing the jury, the case proceeded to trial before the jury on the "operating under the influence charge" and after the trial the jury returned a verdict of guilty against the defendant. Defendant now claims that the court "coerced" him into going to trial without an attorney thereby depriving him of his Sixth Amendment right to counsel. Defendant claims that the court should have granted him a continuance so that he could seek the assistance of counsel. Defendant had filed no post–trial motions but now appeals from the order sentencing him on the said convictions.

There is no doubt that a defendant has the right to the assistance of counsel in a criminal prosecution under

both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Constitution of the Commonwealth of Pennsylvania. This right clearly extends to all critical stages of a prosecution. *Commonwealth ex rel. Goodfellow v. Rundle*, 415 Pa. 528, 204 A.2d 446 (1964). It has been specifically held that a person charged with the offense of operating a motor vehicle under the influence of intoxicants is entitled to representation by counsel. *Commonwealth v. Sheehan*, 446 Pa. 35, 285 A.2d 465 (1971). Of course, the right to representation by counsel may be waived by a criminal defendant just as he may waive other individual rights. This is so because the right is the defendant's and the defendant's alone. *Commonwealth v. Lowery*, 276 Pa. Super. 569, 419 A.2d 604 (1980). However, the right to counsel must be "knowingly and intelligently waived" before an accused will be sent to jail upon a conviction entered when he was not represented by counsel. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In the instant case the defendant argues that the court below "coerced" him into proceeding to trial pro se thereby depriving the defendant of his right to counsel. We do not agree. The defendant had been served with a criminal complaint on February 22, 1977. Any reasonable person should be aware that the initiation of criminal charges against them is a serious matter which demands the assistance of a person trained to assist others in such situations. However, defendant failed to obtain counsel and on May 2, 1977 appeared at his arraignment without counsel. If the defendant had any doubts about the seriousness of his situation, those doubts should have been resolved on May 2, 1977 when the arraignment judge informed the defendant that he should retain an attorney for his trial which was to take place on May 23, 1977. Again, defendant did nothing and appeared in court on May 23, 1977 without counsel. When asked by the trial court about any arrangements he had made to retain counsel the defendant gave no indication that he had made any reasonable attempt to obtain the assistance of an attorney and furthermore gave no indication that he had any concrete plans to do so in the future. The only evidence of any

attempt to obtain counsel were his statements that he desired "free" counsel. When the trial court was informed by the defendant that his income was between $350 and $400 every two weeks it informed the defendant that he was not entitled to "free" counsel and should seek a private attorney. Moreover, the public defender denied receipt of any application from the defendant.

Given this set of circumstances we cannot agree with the defendant's claim that the trial court "coerced" him into going to trial per se. No one ever told the defendant that he could not be represented by an attorney and no one ever prevented any attorney from representing him. To the contrary, the defendant was admonished to retain an attorney which he did not do. Furthermore, the defendant gave no indication that he had any plans to do so. Defendant's claim that the court should have granted him a continuance under these circumstances is meritless. The trial court had no reason to believe that if it continued defendant's trial, sua sponte, for another week, month, or even year that the defendant would appear in court at that future time with an attorney.[1] To continue the matter under these circumstances would have been merely to delay the time when defendant would have to stand trial with no assurance that he would be in any different posture, insofar as representation is concerned, at that future date. As such we hold that the court below did not deny defendant the assistance of counsel when it ordered defendant to stand trial as scheduled but that the defendant denied himself the assistance of counsel when he failed to take steps to retain counsel despite the admonishments of the trial court.

Defendant would have us hold that written waiver of the right to counsel must be executed by a criminal defendant before it can be held that he waived his right to counsel. This we refuse to do. The waiver of the right to counsel differs substantially from the waiver of other constitutional rights in several respects. For example, the waiver

1. The Defendant never did request a continuance or postponement of this case.

of the Fifth Amendment right against self–incrimination requires some affirmative act (the signing of a written statement, an admission, a confession) on the part of the accused. Therefore, before it can be held that an accused waived such right it must be shown that he did so knowingly, voluntarily, and with full knowledge of his right not to do so. All a defendant has to do to exercise his right against self–incrimination is to do nothing or remain silent. Logically, then a heavy burden is placed on the one claiming that a person waived those rights. Unlike the exercise of a Fifth Amendment right which requires a defendant to do nothing in order to exercise it, the right to counsel requires some affirmative act on the part of the accused (i. e. the retention of counsel to represent him on the charges against him) for the right to be exercised. The defendant may thus waive his right to counsel by doing nothing. Were we to hold that a defendant may not be tried without counsel unless he had executed a written waiver we would place our trial courts in a "Catch–22" situation in that a "court wise" criminal defendant could continually appear in court without counsel on the date scheduled for his trial but refuse to execute a written waiver of his right to counsel making it impossible to proceed with his trial. Obviously such a situation would render the judicial system a mockery. We hold that a criminal defendant who has been duly notified of the date of his trial, and who has been advised to obtain counsel to represent him and who, nevertheless, appears in court on the scheduled date without counsel and with no reasonable excuse for the lack thereof and no concrete plans for the obtaining of counsel has waived his right to counsel. Since that is what happened in the instant case we reject defendant's contention that he was unconstitutionally deprived of his right to counsel and affirm his "driving under the influence" conviction.

■ With respect to the defendant's guilty plea on the charge of driving while under suspension the following exchange took place between the court and the defendant:

"THE COURT: HOW ARE YOU GOING TO PLEAD TO THE OTHER CHARGE?

"MR. WENTZ: I CAN'T GET OUT OF THAT.

"THE COURT: YOU WERE UNDER SUSPENSION?

"MR. WENTZ: YES, YOUR HONOR."

At the time of his arrest the offense of operating under suspension was a misdemeanor punishable by a fine and a prison term of up to three (3) years. *75 P.S. 624(6)*. (The offense has since been reduced to a summary pursuant to *75 P.S. 1543*, effective July 1, 1977). It is apparent that under the standards for guilty plea colloquies set forth in *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974) that the above exchange is woefully inadequate. Nowhere was defendant told of the elements of the crime, the range of permissive sentences which could be imposed upon him as a result of his plea, nor was he informed of the various rights which must be announced to a criminal defendant at the time of his plea in order for his plea to be valid. As such we reverse the defendant's conviction for operating under suspension and remand that charge to the court below for proper disposition.

Judgment of sentence on the "operating under the influence charge" is affirmed; case is remanded for a new trial on the "driving under suspension" charge.

SPAETH, J., files a concurring and dissenting opinion in which HOFFMAN and HESTER, JJ., join.

PRICE, J., concurs in the result.

JACOBS, former President Judge, did not participate in the consideration and decision of this case.

SPAETH, Judge, concurring and dissenting:

I agree with the majority that the colloquy preceding appellant's plea of guilty to the charge of operating a motor vehicle after his operating privileges had been suspended was inadequate, and that therefore the judgment of sentence entered on appellant's plea must be vacated. However, I should also vacate the judgment of sentence entered on appellant's conviction on the charge of operating a motor vehicle under the influence of intoxicating liquor, for in my

opinion, appellant should not have been required to stand trial on that charge without the assistance of counsel.[1]

When appellant was arraigned on May 2, 1977, he appeared without counsel and entered a plea of not guilty. As the majority observes, he was informed by the court that he was not eligible for court–appointed counsel, and was advised to retain private counsel before the trial, which was scheduled for May 23, 1977. Appellant appeared for trial, but without counsel. There then occurred the following exchange between the trial judge and appellant:

THE COURT: What do you want, Mr. Wentz? Do you want to plead not guilty or guilty?

MR. WENTZ: I requested an attorney appointed by the Court. I didn't get no answer.

MR. CASCIO [Assistant District Attorney]: He had appeared at arraignment and was advised to file application for counsel.

MR. BEACHY [Public Defender]: That isn't true. We didn't receive any Application at all. I understand from the Magistrate he did give the defendant a copy of an Application, and the Magistrate indicated to me he had given this individual an Application, but there was never one received.

THE COURT: We never received any from you, Mr. Wentz. What did you do with it?

MR. WENTZ: I put one in the mail. I mailed it to the Courthouse.

THE COURT: It isn't here.

MR. WENTZ: Last Monday.

THE COURT: Aren't you working?

MR. WENTZ: Yes, I worked last night.

---

1. The lower court has stated in its opinion filed pursuant to Pa.R.A.P. 1925(b) that the issue of appellant's right to counsel was not raised during any criminal proceedings prior to appeal. This does not mean, however, that appellant may not argue on this appeal that he had the right to counsel. It is settled that failure to raise an issue in a criminal proceeding does not constitute waiver where the defendant is not represented by counsel during that proceeding. *Commonwealth v. Wilson*, 444 Pa. 433, 283 A.2d 78 (1971).

THE COURT: How much do you make?

MR. WENTZ: I don't have the same job all the time.

THE COURT: How much do you make?

MR. WENTZ: I make around $350 to 400 in two weeks.

THE COURT: You wouldn't be entitled to a free lawyer. You're going to have to make up your mind.

MR. WENTZ: I don't know any attorneys right around here.

THE COURT: You've had plenty of time haven't you?

MR. WENTZ: I don't know any.

THE COURT: I understand, but you've had plenty of time. You've known about this trial for weeks and weeks, haven't you?

MR. WENTZ: Yes, I have.

THE COURT: All right, you're scheduled for trial today. We are ready to give you a trial, so you stay here and we'll give you the trial. Did you plead in this case?

MR. WENTZ: I pleaded not guilty.

THE COURT: So you are entitled to a jury trial. We'll give it to you.

(5/23/77, N.T. 1–2)

The trial judge directed the sheriff to help appellant pick a jury, "and [to] tell him what to do . . . He's going to trial for Driving Under the Influence." At trial, appellant conducted no voir dire examination; he did not testify, introduce evidence, or present a closing argument.

On this record, the majority finds that appellant waived his right to the assistance of counsel:

We hold [states the majority] that a criminal defendant who has been duly notified of the date of his trial, and who has been advised to obtain counsel to represent him and who, nevertheless, appears in court on the scheduled date without counsel and with no reasonable excuse for the lack thereof and no concrete plans for the obtaining of counsel has waived his right to counsel.

(at p. 800)

438

I cannot agree with this statement of the law.[2] Waiver of the right to counsel may not be found so easily. In *Commonwealth ex rel. McCray v. Rundle*, 415 Pa. 65, 69–70, 202 A.2d 303, 305 (1964), our Supreme Court stated:

> To evaluate whether a waiver of representation by counsel is valid, this court must determine whether or not the waiver was made ". . . with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. *A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered*". (Emphasis in original).

415 Pa. at 69–70, 202 A.2d at 305, *quoting* from *Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948).

*See also Commonwealth v. Barnette*, 445 Pa. 288, 285 A.2d 141 (1971); *Commonwealth ex rel. McKee v. Russell*, 429 Pa. 402, 240 A.2d 559 (1968); *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa. 515, 204 A.2d 439 (1964); *Commonwealth v. Grant*, 229 Pa.Super. 419, 323 A.2d 354 (1974). *See also* Pa.R.Cr.P. 318(c) (effective Jan. 1, 1978).

Here, the trial judge made no examination at all—much less "a penetrating and comprehensive examination of all the circumstances"—regarding appellant's understanding of what he was doing. The "examination" that was made may fairly be summarized as follows: First, the judge decided that appellant "wouldn't be entitled to a free lawyer."

2. The majority also states that appellant has argued that a *written* waiver of the right to counsel must be executed by a criminal defendant in order for the court to find waiver. (pp. 799–800) However, I do not understand appellant to make this assertion anywhere in his brief. If the assertion had been made, I should agree with the majority that written waiver is not required, for a defendant may orally waive his right to counsel, so long as the requirements of law, as stated in the cases cited in this opinion, have been satisfied.

Second, the judge received, and said that he "under[stood]", appellant's statement that "I don't know any attorneys right around here." And third, the judge received appellant's acknowledgment that he had "known about this trial for weeks and weeks." With only this, the judge summarily informed appellant, "[Y]ou're scheduled for trial today . . . . we'll give you the trial," and instructed the sheriff "[to] tell [appellant] what to do." In its discussion of appellant's guilty plea, the majority properly characterizes the colloquy preceding the plea as "woefully inadequate." (p. 800) The colloquy preceding appellant's "waiver" of his right to counsel was even more inadequate.

Had the trial judge made the examination required by law, he would have learned that appellant had appeared without counsel not because he did not want counsel but because he did not understand the scope of his right to counsel. This is clear from the colloquy following appellant's conviction, when the trial judge informed appellant of his right to counsel on post–verdict motions:

THE COURT: You can get an attorney anywhere in Pennsylvania [for post–verdict motions].

MR. WENTZ: I understood it would have to be in Somerset County [the county in which the court sat], that's the reason I didn't get any.

THE COURT: No.

MR. WENTZ: I know some where I live.

THE COURT: Where do you live?

MR. WENTZ: Bedford County. I understood it had to be up here.

THE COURT: No one told you that up here.

MR. WENTZ: That's what I understood.

THE COURT: No one told you that.

MR. WENTZ: No sir, no one told me that. That's what I understood.

THE COURT: So that's all for today. You will be notified when to appear. Do you have any other questions?

MR. WENTZ: No, sir.

(5/23/77, N.T. 21–22)

Appellant's mistaken belief that he needed local counsel can hardly be characterized as unreasonable, or even surprising. Indeed, until rather recently, he would have been right. There is no support in the record for the majority's implied suggestion that appellant was "a 'court wise' criminal defendant" who was seeking to delay, and so to avoid, trial. (p. 800). Appellant had not so much as requested a continuance; indeed, he never requested a continuance, probably because, as a layman, he did not know that he could. *Cf. Commonwealth v. Minifield*, 225 Pa.Super. 149, 310 A.2d 366 (1973); *Commonwealth v. Simpson*, 222 Pa.Super. 296, 294 A.2d 805 (1972).

The judgment of sentence for driving under the influence of intoxicating liquor should be vacated, and the case remanded for new trial.

HOFFMAN and HESTER, JJ., join in this opinion.