J-S81037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM J. DEMENCZUK | |
| Appellant | No. 990 EDA 2016 |

Appeal from the Judgment of Sentence February 22, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005408-2015

BEFORE:  BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:  **FILED NOVEMBER 23, 2016**

Appellant William J. Demenczuk appeals from the judgment of sentence entered by the Court of Common Pleas of Bucks County after the trial court convicted Appellant of Driving Under the Influence of a Controlled Substance (DUI) (incapable of safely driving), fleeing or attempting to elude a police officer, resisting arrest, and a summary traffic violation.  Appellant claims the trial court abused its discretion in denying his request for a continuance.  After careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

On June 21, 2015, after Officer Keith Fennell observed Appellant failed to yield to a stop sign, he activated his lights and siren in an attempt to effectuate a traffic stop of Appellant's vehicle. Appellant did not stop but continued driving to his residence. When Appellant exited the vehicle, he began screaming at the Officer Fennell, who noticed an odor of alcohol on Appellant's breath. After Officer Fennell called for backup, he conducted field sobriety testing with Appellant's consent. Appellant was unable to recite the alphabet and could not complete the finger-to-nose test.

Once Officer Fennell informed Appellant that he was under arrest for suspicion of DUI, Appellant became combative and physically resisted the officers' attempt to place him in handcuffs. He continued to kick and flail while the officers put him in the back of the patrol car. Appellant claimed the officers broke his leg in the struggle. When an officer opened the door to check on Appellant's foot, Appellant tried to escape. The officers subdued Appellant and again placed him in the back of the patrol car. Appellant refused to submit to chemical testing after being advised of the Pennsylvania Implied Consent Law.

Appellant was arraigned on June 22, 2015 and his preliminary hearing was held on August 24, 2015, at which he was represented by private counsel. The trial court gave Appellant a trial date of November 10, 2015. On that day, Appellant requested a continuance to allow him to obtain new private counsel as "financial issues kind of put things on hold." Trial Court Opinion (T.C.O.), 6/21/16, at 3. The Honorable Wallace H. Bateman granted

Appellant's request and rescheduled Appellant's trial for December 2, 2015. Judge Bateman warned Appellant that he would not receive another continuance to obtain counsel and suggested that if Appellant could not afford an attorney, he should contact the Public Defender's Office before leaving the courthouse.

On November 28, 2015, Appellant was notified that he did not qualify for representation by a public defender. Upon contacting the court administrator with this information, Appellant was granted a second continuance and his trial date was rescheduled to February 22, 2016.

Thereafter, on February 22, 2016, Appellant appeared for his scheduled trial without counsel and asked Judge Bateman for a third continuance to obtain counsel as he needed time to "gather the funds to pay him." T.C.O. at 5. Judge Bateman noted that the prosecution was ready to present its case and its witnesses were present. Judge Bateman denied Appellant's request for a continuance as he had been previously given nearly three months to obtain counsel after he was denied representation by the public defender.

The trial court proceeded to hold a bench trial and ultimately convicted Appellant of the aforementioned offenses. On the same day, the trial court sentenced Appellant to one to two years imprisonment pursuant to the applicable mandatory minimum sentencing provisions as this was Appellant's fourth DUI conviction. The trial court imposed concurrent two year terms of probation for the convictions of attempting to elude a police officer and

- 3 -

resisting arrest, but did not impose further penalty for the summary traffic violation. Appellant filed this appeal and complied with the trial court's direction to submit a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant claims the trial court abused its discretion in denying his request for a continuance, which thereby denied Appellant his right to counsel. Our standard of review of a trial court's decision to deny a request for a continuance is as follows:

> Appellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]

***Commonwealth v. Norton***, 144 A.3d 139, 143 (Pa.Super. 2016) (citation omitted).

A defendant has the right to the assistance of counsel in a criminal prosecution under both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Constitution of the Commonwealth of Pennsylvania. However, this Court has held that:

> the right of the accused to choose his own counsel, as well as the lawyer's right to choose his clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice. Thus, this Court has explained that while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably

- 4 -

clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice.

*Commonwealth v. Randolph*, 582 Pa. 576, 584, 873 A.2d 1277, 1282 (2005) (citations and quotation marks omitted).

In a similar case, *Commonwealth v. Wentz*, 421 A.2d 796 (Pa.Super. 1980) (*en banc*), the defendant claimed the trial court erred in failing to grant him a continuance on the day of trial so that he could seek the assistance of counsel. This Court concluded that the defendant had waived his right to counsel as he had been notified of his trial date, had been directed to retain counsel to represent him, but nonetheless appeared without counsel for his scheduled trial with no reasonable excuse for the lack of counsel and no concrete plans on obtaining counsel.

Likewise, in this case, we find Appellant waived his right to counsel by ignoring the trial court's repeated directions for him to retain counsel. On Appellant's most recently scheduled trial date, the case had already been continued twice upon Appellant's request. Although Appellant had been given nearly three additional months to obtain counsel, he failed to make this arrangement and waited until the date of his scheduled trial to ask for a third continuance. Appellant indicated that he was "talking to" another attorney but wanted more time to "gather the funds to pay him." T.C.O., at 5. Besides this assertion, Appellant offered no information concerning his efforts to acquire funds for his attorney's fees and did not indicate when he would be able to retain an attorney. As in *Wentz*, we find Appellant "denied

himself the assistance of counsel when he failed to take steps to retain counsel despite the admonishments of the trial court." **Wentz**, 421 A.2d at 799.  As a result, we conclude that the trial court did not err in denying Appellant's request for a continuance.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/23/2016