J-S62029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN TURNER | : | |
| | : | |
| Appellant | : | No. 364 EDA 2018 |

Appeal from the Judgment of Sentence December 20, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002115-2017

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JANUARY 07, 2019**

Brian Turner appeals from the judgment of sentence entered following his convictions for driving under the influence of alcohol ("DUI"), driving while operating privilege suspended or revoked, and failure to use hazard warning signals.[1] Turner argues the court violated his constitutional right to counsel. We vacate the judgment of sentence and remand for a new trial.

The facts underlying the charges are not relevant to our disposition. In short, Pennsylvania State Trooper Michael Hodgskin discovered Turner on February 5, 2017, asleep in his car on the side of the road around 4 a.m. After rousing Turner, having Turner perform field sobriety tests, and attempting to have him perform a breathalyzer test, Officer Hodgskin arrested Turner for

_____

[1] *See* 75 Pa.C.S.A. §§ 3802(a)(1), 1543(a), and 4305, respectively.

DUI. Turner's license was suspended at the time of his arrest. *See* N.T., 12/5/17, 5-19.

Officer Hodgskin filed a criminal complaint against Turner, and in June 2017, Turner appeared in magisterial district court. He signed forms waiving his right to counsel in that court and waiving a preliminary hearing.

Turner's first appearance before the trial court was at his formal arraignment on October 12, 2017. Turner told the court that he was represented by an attorney in Harrisburg. N.T., 10/12/17, at 2-3. Turner acknowledged that the attorney had not entered his appearance, but stated that it was because the attorney had been on vacation. *Id.* Turner said that an unidentified person in the courthouse had advised him to "just come here today and plead not guilty or whatever and make sure I'm here with [the attorney]" on the trial date. *Id.* at 3. The trial judge replied, "I'm going to mark on this list that you don't have an attorney because he hasn't formally entered his appearance. . . . Until he does, the notices are going to go to you." *Id.* at 3-4. The court did not offer Turner court-appointed counsel, conduct a waiver colloquy, or warn him that appearing without counsel in the future risked forfeiture of his right to counsel.

Turner appeared before a different judge in December 2017, for a pretrial conference. No attorney appeared at the conference on Turner's behalf. The prosecutor introduced Turner to the court as "a *pro se* individual." N.T., 12/4/17, at 2 (italics added). Turner did not say otherwise, and the court did not inquire into the status of Turner's representation or conduct a waiver

colloquy. Nor did Turner ask for a continuance so retained counsel could attend. The court proceeded with the pretrial conference, noting that Turner was charged with a first offense DUI of general impairment and faced a sentence of six-months' probation. *Id.* at 2-4. Turner entered a plea of not guilty. *Id.* at 4-5. The court set trial for the following day. *Id.* at 5.

The next day, Turner appeared for trial unrepresented by counsel and the trial began before the same judge as had presided at the pretrial conference. The judge again did not offer Turner court-appointed counsel, inquire into the status of Turner's representation, or conduct a waiver colloquy. Nor was there any discussion of whether Turner had forfeited his right to counsel.

A bench trial then ensued with Turner representing himself. When the Commonwealth moved to admit a video of the incident into evidence, Turner objected that he had not been given a chance to view the video before trial. *Id.* at 34-37. The prosecutor responded that Turner had not asked to see it and that if he had done so, the Commonwealth would have made a copy available. *Id.* at 35-36. Turner argued that the court had scheduled the trial the day beforehand, and as a layperson, he should have been advised at the pretrial conference that video evidence existed. *Id.* at 36. The court overruled Turner's objection, stating, "Because you are not represented by a lawyer in this matter, that's your choice. That has nothing to do with the Commonwealth's obligation." *Id.* at 37. Turner presented no evidence in his defense, but argued his innocence.

The court found Turner guilty, and later sentenced him to a total of 3 days to 6 months in jail.[2] Turner, still acting *pro se*, obtained leave from the trial court to file a notice of appeal *nunc pro tunc*, and then filed this appeal. Appellate counsel then entered his appearance.

Turner, represented by private counsel on appeal, raises the following:

I. Whether [Turner] was denied his right to counsel as guaranteed under the Sixth Amendment to the Constitution of the United States and by Article 1 § 9 of the Pennsylvania Constitution when the trial court proceeded to try [Turner] as a *pro se* defendant after he informed the court he had consulted with legal counsel?

II. Whether [Turner] waived his right to trial counsel when he did not knowingly, intelligently, or voluntarily do so?

III. Whether [Turner] was denied his right to counsel as guaranteed under the Sixth Amendment to the constitution of the United States and Article 1 § 9 of the Pennsylvania Constitution and/or [Turner's] due process rights were violated where the trial court failed to conduct an on-the-record colloquy to determine whether [Turner] was knowingly, intelligently, and voluntarily waiving his right to counsel at trial?

Turner's Br. at 4-5 (suggested answers and answers below omitted). Although Turner presents his question in three parts, he presents a singular argument: that the trial court erred in trying him *pro se* without conducting a colloquy to

---

[2] ***But see Commonwealth v. Giron***, 155 A.3d 635, 640 (Pa.Super. 2017) (holding enhanced penalties based on refusal of blood testing are unconstitutional).

ensure that Turner knowingly, intelligently, and voluntarily waived his right to counsel. *See* Turner's Br. at 9-13.[3]

The United States and Pennsylvania Constitutions provide a right to counsel for any criminal defendant facing a sentence of imprisonment. *See Commonwealth v. Moody*, 125 A.3d 1, 14 (Pa. 2015);[4] *see also* Pa.R.Crim.P. 122, Comment. It is the responsibility of a trial court to determine whether a criminal defendant has waived his or her right to counsel knowingly, intelligently, and voluntarily. *See* Pa.R.Crim.P. 121(C); *Commonwealth v. Davido*, 868 A.2d 431, 437-38 (Pa. 2005). Because we presume against the waiver of a constitutional right, we do not find waiver where the record is silent. *Commonwealth v. Phillips*, 141 A.3d 512, 517 (Pa.Super.) (citing *Commonwealth v. Monica*, 597 A.2d 600, 603 (Pa. 1991)). "The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Id.* (quoting *Monica*, 597 A.2d at 603).

---

[3] The trial court entered a statement pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, stating that the court would rely on the record instead of filing an opinion. However, the court's reasoning does "not already appear of record," and the court failed to "specify in writing the place in the record where [the] reasons [for the order or the rulings or other errors complained of] may be found." Pa.R.A.P. 1925(a)(1).

[4] *See also Commonwealth v. Johnson*, 828 A.2d 1009, 1015 (Pa. 2003) (stating right to counsel under Article I, § 9 of Pennsylvania Constitution is coterminous with Sixth Amendment for determining when right attaches).

Rule 121 of the Pennsylvania Rules of Criminal Procedure outlines the information the court must elicit from the defendant to ensure a valid waiver of counsel. *See* Pa.R.Crim.P. 121(A)(2).[5] The court must determine whether the defendant has waived the right to counsel regardless of the defendant's financial eligibility for appointed counsel, and the failure to conduct a Rule 121

---

[5] Rule 121(A)(2) provides:

> To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>
> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>
> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>
> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>
> (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
>
> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2).

colloquy constitutes *per se* reversible error. **Commonwealth v. Clyburn**, 42 A.3d 296, 300-01 (Pa.Super. 2012). A waiver of the right to counsel before a magisterial district judge does not constitute waiver in the Court of Common Pleas. Rather, the trial court must conduct a new colloquy prior to proceedings in that court. **See** Pa.R.Crim.P. 121(C); **see also id.**, Comment; **Commonwealth v. Johnson**, 158 A.3d 117, 123 (Pa.Super. 2017).

Here, Turner was charged with a misdemeanor DUI, which exposed him to a potential sentence of six months' imprisonment. **See** 75 Pa.C.S.A. § 3803(a)(1). He therefore had a constitutional right to counsel. **Moody**, 125 A.3d at 14. Although Turner waived this right for his preliminary hearing, the trial court was obligated to conduct a waiver colloquy on the record prior to proceeding to trial. **Johnson**, 158 A.3d at 123. Nonetheless, and even though Turner informed the trial court during his formal arraignment that he was in the process of obtaining representation, the court failed to conduct a colloquy, either at the arraignment, the pretrial conference, or trial. The record is therefore silent as to whether Turner was aware of his right to counsel and is insufficient to establish that he knowingly, intelligently, and voluntarily waived that right. **See Phillips**, 141 A.3d at 517.

The Commonwealth argues that a waiver colloquy was unnecessary because Turner forfeited his right to counsel. The Commonwealth contends that Turner forfeited his right because he had the opportunity and financial ability to seek counsel, but appeared in court without representation and did not request a continuance in order to obtain representation. In support, the

Commonwealth cites *Lucarelli*, 971 A.2d at 1179, and *Commonwealth v. Wentz*, 421 A.2d 796 (Pa.Super. 1980) (plurality).

It is true that a court need not conduct a colloquy to ensure there was a knowing, intelligent, and voluntary waiver of the right to counsel where the defendant has forfeited that right. *See Commonwealth v. Staton*, 120 A.3d 277, 286 (Pa. 2015). A criminal defendant may forfeit the right to counsel only through "extremely serious misconduct" or "extremely dilatory misconduct." *Id.* (citing *Lucarelli*, 971 A.2d at 1179).

We disagree that Turner forfeited his right to counsel. His conduct did not rise to the level of "extremely serious misconduct" or "extremely dilatory misconduct." *Id.* The Commonwealth's citations to *Lucarelli* and *Wentz* are unavailing. In *Lucarelli*, the defendant hired several attorneys over an eight-month period, and obtained $20,000 from the court five weeks before trial specifically for the purposes of obtaining representation, but had no excuse for not having counsel at the time of trial. *Lucarelli*, 971 A.2d at 1180. The Pennsylvania Supreme Court concluded the defendant's "extremely dilatory misconduct" constituted a forfeiture of counsel. Similarly, in *Wentz*, the trial court advised the defendant at his arraignment that he was not eligible for court-appointed counsel and that he should obtain private counsel. 421 A.2d at 798. The defendant nonetheless appeared at trial without counsel and without an explanation other than that he had "requested 'free' counsel" and gave no indication that he had taken reasonable steps to obtain private counsel. *Id.* The court reiterated that he was not eligible for court-appointed

counsel. The defendant replied that he "didn't know any attorneys" in the area but admitted that he had known the trial date for "weeks and weeks." *Id.* We concluded that the court had not erred in requiring the defendant to proceed without the assistance of counsel. We explained that otherwise, a "'court wise' criminal defendant could continually appear in court without counsel on the date scheduled for his trial but refuse [to waive his right to counsel,] making it impossible to proceed with his trial." *Id.* at 800.

Here, Turner did not cause any delay in the proceedings or do anything to risk a delay, much less engage in extremely dilatory conduct or extremely serious misconduct. Rather, although he told the court at the arraignment that he had obtained private counsel, he did not seek a continuance of the arraignment in order for counsel to appear on his behalf. Nor did he at any subsequent proceeding ask for a continuance, despite the absence of counsel. At most, he acquiesced in the proceedings going forward without private or appointed counsel appearing on his behalf, and without any colloquy establishing his knowing, intelligent, and voluntary waiver of his right to counsel.

The Commonwealth's other arguments are similarly without force. The record is silent on whether Turner qualified for court-appointed counsel, and we decline to make that determination in the first instance. Finally, the Commonwealth's suggestion that forfeiture may occur where the defendant has the means to retain counsel but knowingly appears for trial without counsel lacks a proper foundation. To the extent *Wentz* suggests such a

standard, it is a non-binding plurality decision, and even if binding, it has been supplanted by **Lucarelli**'s "extremely serious misconduct" or "extremely dilatory misconduct" standard. **See Commonwealth v. Travillion**, 17 A.3d 1247, 1248 (Pa. 2011) (stating forfeiture arises from a defendant's "extremely serious misconduct" or "extremely dilatory conduct" and finding forfeiture). We therefore vacate Turner's judgment of sentence and remand for a new trial. **See Monica**, 597 A.2d at 604 (remanding for new trial where trial court failed to conduct on-the-record colloquy before allowing defendant to proceed to trial *pro se*).

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/19