J-S46042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN D. SCHOENFELD | : | |
| | : | |
| Appellant | : | No. 945 WDA 2022 |

Appeal from the Judgment of Sentence Entered July 25, 2022
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0001007-2021

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: May 22, 2024**

Justin D. Schoenfeld ("Schoenfeld") appeals from the judgment of sentence imposed following his convictions of three counts of driving under the influence ("DUI") and a related offense.[1]  We vacate the judgment of sentence and remand for a new trial.

The trial court summarized the factual background of this appeal as follows:

> At 10:43 p.m. on May 5, 2021, Summerhill Township Police Officer Donald Wyar (["Officer Wyar"]) was dispatched to the scene of a one vehicle accident.  Upon arriving, [Officer] Wyar observed Schoenfeld, the only occupant of the vehicle, seated behind the steering wheel and complaining of neck and back pain. [Officer] Wyar observed: a case of beer on the front passenger side floor; empty cans of alcoholic beverages in the vehicle; and an odor of alcohol coming from Schoenfeld. Emergency personnel arrived, removed Schoenfeld from the vehicle, and transported

---

[1] **See** 75 Pa.C.S.A. § 3802(d)(1)(ii) (related to amphetamines), (d)(1)(ii) (related to methamphetamines), and (d)(2) (related to combination of drugs resulting in impairment); 75 Pa.C.S.A. § 3714(a).

him to the Conemaugh Memorial Medical Center's emergency room [("the hospital")] where, as part of his treatment, a blood draw was performed on Schoenfeld at 11:45 p.m.

Approximately thirty-six minutes after the blood draw at 12:21 a.m. on May 6th, [Officer] Wyar advised Schoenfeld that he was under suspicion of DUI and requested that he submit to chemical testing of the blood draw. [Officer] Wyar read Schoenfeld the standard chemical test warnings on form DL-26 and Schoenfeld consented to having his blood tested. Schoenfeld's blood test results were positive for amphetamine, methamphetamine, diazepam, and nordiazepam. The test was negative for alcohol. A urine screen performed at 1:57 a.m. on May 6th and was positive for amphetamine and benzodiazepines.

Trial Court Opinion, 4/25/23, at 2-3.

Schoenfeld signed a waiver of counsel form in the magisterial district court in September 2021. Acting *pro se*, and while apparently still on bail at the time, Schoenfeld requested continuances in October 2021 and January 2022, and he acknowledged a previously scheduled trial date.[2] **See** Continuance Request Forms, 10/1/21 and 1/5/22, at 1 (indicating Schoenfeld was not in prison); Preliminary Conference Sheet, 3/2/22 at 1 (same); **but see** Preliminary Conference Sheet, 3/15/22, at 1 (indicating Schoenfeld was in prison).

Schoenfeld appeared *pro se* for trial on July 7, 2022. During the court's colloquy on Schoenfeld's waiver of a jury trial, Schoenfeld waived his right to a trial by a jury. However, Schoenfeld indicated that he applied for a public defender, but the public defender's office rejected his application. **See** N.T.,

---

[2] The Commonwealth also sought continuances of trial, which the court granted.

7/7/22, at 2.  The trial court indicated, "[W]e went through that with your last trial[,]" referring to a separate criminal case (the "separate case").  *Id*.[3]  The trial court explained that in the separate case: it was determined that Schoenfeld's income and assets were "well above the guidelines" for a public defender; there had been a delay of "months" in that case before Schoenfeld eventually retained counsel; and a jury had acquitted him of the "main charges" but found him guilty on the "the other ones."  *Id*. at 5-6.

The Commonwealth  conducted a colloquy of Schoenfeld concerning his right to counsel.  *See id*. at 3-11.  Schoenfeld maintained he should qualify for a public defender because he was incarcerated and had no assets or property.  *See id*.  He further asserted that the public defender's office rejected his application due to his previous application in the separate case.  *See id*. at 3-4.  At the conclusion of the colloquy, Schoenfeld refused to sign a waiver of counsel form.  *See id*. at 10.  The Commonwealth noted Schoenfeld was "maintaining on the record that he won't waive counsel[; but the c]ourt's aware that he doesn't qualify for a [p]ublic [d]efender."  *Id*.  The Commonwealth stated it had no objection to a continuance but asserted that Schoenfeld was "just going to continue to attempt to sort of ham[s]tring these proceedings."  *Id*. at 10-11.  The court concluded, "Let's proceed."  *Id*. at 11.

_____

[3] It appears that in the separate case, the trial court presided over a criminal matter docketed in the trial court at No. 1055-202.  Schoenfeld appealed the judgment of sentence in that case at 783 WDA 2022.  *See* Response to Order, 945 WDA 2022, 9/23/22, at 1; Order, 945 EDA 2022, 12/9/22, at 1.

The Commonwealth thereafter presented testimony from Officer Wyar. Schoenfeld maintained any drugs in his system were given to him at the hospital and his medical records would establish that fact. The court granted Schoenfeld's request to obtain his medical records and continued the trial. On July 25, 2022, the court reconvened the trial, reviewed the medical records on the record, heard arguments from the parties, and found Schoenfeld guilty of the above-mentioned offenses. That same day, the court sentenced Schoenfeld to an aggregate term of three days to six months of imprisonment and fines and costs. Schoenfeld, still acting *pro se*, filed a motion for reconsideration/notice of appeal, which this Court docketed as a timely appeal.[4]

The remaining procedures in this appeal are lengthy but illuminating. In September 2022, this Court remanded for the trial court to clarify whether Schoenfeld was entitled to the appointment of counsel. **See** Order, 945 WDA 2022, 9/12/22 at 1. The trial court responded that Schoenfeld was not entitled to appointed counsel and explained:

> In this matter[,] Mr. Schoenfeld has elected to proceed *pro se* since his preliminary hearing. This decision is evidenced by his indication on the September 23, 2021, Notice of Arraignment where he indicated he was representing himself. Further, each record entry from continuance requests through preliminary conference forms indicates that he has elected to proceed *pro se*.
>
> Further, the issue of Mr. Schoenfeld's right to appointed counsel was addressed in [the separate case]. In that matter[,] Mr. Schoenfeld was initially represented by private counsel who

---

[4] The trial court also entered an order denying reconsideration.

- 4 -

later withdrew due to a deteriorating attorney-client relationship. The [p]ublic [d]efender's [o]ffice then evaluated Mr. Schoenfeld to determine if he qualified for their representation and determined that his income and assets far exceeded the guidelines for the appointment of counsel. Mr. Schoenfeld then obtained new private counsel who represented him through trial in th[e separate] case.

As there has been no showing that his financial situation has changed, Mr. Schoenfeld is not entitled to appointed counsel in this matter. This [c]ourt does not appoint counsel to those who have a demonstrated ability to hire counsel but do not do so out of personal choice.

Response to Order, 945 WDA 2022, 9/23/22, at 1.

This Court subsequently vacated the briefing schedule in this appeal, stating that "it appeared [Schoenfeld] may be entitled to counsel on his direct appeal." Order, 945 WDA 2022, 12/9/22, at 1. This Court noted that in the separate case, the trial court had appointed appellate counsel on ***July 14, 2022***. ***See id***. Therefore, we remanded for the trial court to clarify whether Schoenfeld was entitled to the appointment of counsel in the present appeal. ***See id***. at 2. The trial court then appointed present counsel to represent Schoenfeld in this appeal. ***See*** Response to Order, 945 WDA 2022, 1/26/23, at 23. Following an additional remand for the filing of a counseled Pa.R.A.P. 1925(b) statement and a Rule 1925(a) opinion, this appeal is now before this panel.

Schoenfeld raises the following issue for our review:

The trial court erred when it found [Schoenfeld] guilty of [DUI]; the weight and sufficiency of the evidence presented by the Commonwealth did not warrant a conviction.

Schoenfeld's Brief at 5 (some capitalization omitted).

- 5 -

Before addressing this issue, however, we review the trial court's decision to have Schoenfeld proceed to trial *pro se*. **See Commonwealth v. Forrester-Westad**, 282 A.3d 811, 816 (Pa. Super. 2022) ("Given the inherent importance of the right to counsel and the right to self-representation, this Court has a duty to review, *sua sponte*, whether a defendant waived his or her right to counsel knowingly, voluntarily, and intelligently before proceeding in every critical stage of a criminal proceeding . . .") (citation omitted).  Our standard of review is *de novo*, and our scope of review is plenary.  **See Commonwealth v. McLendon**, 293 A.3d 658, 666 (Pa. Super. 2023), *appeal denied*, --- A.3d ---, 2023 WL 8885966 (Pa. 2023).

"The Sixth Amendment to the United States Constitution and Article I, § 9 of the Pennsylvania Constitution guarantees a criminal defendant the right to the assistance of counsel." **Id**. at 665.  A deprivation of the right to counsel can never be harmless.  **See Commonwealth v. Johnson**, 158 A.3d 117, 121 (Pa. Super. 2017).  However, the right to counsel is not absolute: a defendant may elect to proceed *pro se* if he waives his right to counsel; a court may also require a defendant to proceed *pro se* if he forfeits the right to counsel.  **See Commonwealth v. Lucarelli**, 971 A.2d 1173, 1179 (Pa. 2009).  Waiver is an intentional and voluntary relinquishment of a known right to counsel; forfeiture results from the defendant's extremely serious misconduct or extremely dilatory conduct.  **See id**.

Here, Schoenfeld appeared *pro se* for trial.  During the colloquy on his right to counsel, Schoenfeld refused to waive his right to counsel, maintained

he should qualify for a public defender, and indicated he could not, and would not, retain private counsel. ***See*** N.T., 7/7/22, at 7-8. Although Schoenfeld previously waived his right to counsel in the magisterial district court, that waiver did not establish a knowing, intelligent, and voluntary relinquishment of his right to counsel in subsequent proceedings in the trial court. ***See Johnson***, 158 A.3d at 123 (noting that while Johnson signed a waiver of counsel form in the magisterial district court, Johnson did not waive his right to counsel at a suppression hearing); ***compare*** Pa.R.Crim.P. 121(B) (outlining the procedures for waiving the right to counsel before an issuing authority) ***with*** Pa.R.Crim.P. 121(C) (outlining the procedures for waiving the right to counsel after a preliminary hearing and before a common pleas court judge). Thus, Schoenfeld did not waive his right to counsel, and we next consider whether Schoenfeld forfeited his right to counsel. ***See Lucarelli***, 971 A.2d at 1179.

Our case law recognizes that a defendant should not be permitted to unreasonably clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice. ***See id***. In ***Lucarelli***, our Supreme Court has concluded that "where a defendant's course of conduct demonstrates his or her intention not to seek representation by private counsel, ***despite having the opportunity and financial wherewithal to do so***, a determination that the defendant be required to proceed *pro se* is mandated because that defendant has forfeited the right to counsel." ***Id***. at 1179 (emphasis added). Lucarelli, for example, engaged in extremely dilatory

conduct in failing to retain counsel where he had more than eight months to prepare for trial, retained several attorneys who withdrew from representation, and, five weeks before trial, the court reduced bail to allow him to retain new counsel. *See id*. at 1177, 1180.

In *Commonwealth v. Wentz*, 421 A.2d 796, 798 (Pa. Super. 1980) (*en banc*), this Court rejected Wentz's claim that the trial court "coerced" him into proceeding *pro se* at trial. In that case, an arraignment judge informed Wentz that he was ineligible for "free" counsel and should obtain private counsel. *Wentz*, 421 A.2d at 798 (quotation marks omitted). Wentz then appeared at trial without counsel and asserted only that he did not know any attorneys in the area. *See id*. The trial court, in *Wentz*, further observed that Wentz had income "between $350 and $400 every two weeks" and was not entitled to "free counsel." *See id*. at 799.[5]

_____

[5] *Wentz* specifically concluded that

> a criminal defendant who has been duly notified of the date of his trial, and who has been advised to obtain counsel to represent him and who, nevertheless, appears in court on the scheduled date without counsel and with no reasonable excuse for the lack thereof and no concrete plans for the obtaining of counsel has waived his right to counsel.

*Wentz*, 421 A.2d at 799. We note that of the seven judges participating in that decision, two judges joined the author of the lead opinion, one judge concurred in the result, and three judges dissented from that conclusion. Moreover, this Court decided *Wentz* before our Supreme Court's decision in *Lucarelli*, which set forth the extremely serious misconduct or extremely dilatory conduct standard for forfeiture. Nevertheless, given the similarities between the Court's reasoning in *Wentz* and the standard of forfeiture in
*(Footnote Continued Next Page)*

Following our review of the record and the case law, we cannot conclude that Schoenfeld forfeited his right to counsel at trial. Unlike **Wentz**, the record does not establish that the trial court considered Schoenfeld's present ability to afford counsel, informed him that he did not qualify for "free" representation, or warned him to obtain private counsel before appearing at trial in the present case. **Cf**. **Wentz**, 421 A.2d at 798-99. Moreover, while the trial court indicated that Schoenfeld had assets "well beyond" the guidelines for the appointment of counsel, **see** N.T., 7/7/22, at 4-6, the court only referred to the previous separate case and apparently did not consider Schoenfeld's incarceration prior to trial in the present case. **See id**. The fact that the trial court, in the previous separate case, **appointed** Schoenfeld appellate counsel on July 14, 2022—*i.e.*, after the beginning of trial in the present case case, but prior to its completion—contradicts the suggestion that Schoenfeld did not qualify for the public defender or had an ability to retain private counsel for trial in the present case.

In sum, we perceive nothing concrete or substantive in the record which supports the trial court's assessment that Schoenfeld had the resources to retain private counsel or that Schoenfeld had a proper opportunity to obtain private counsel before facing the prospect of proceeding to trial as his own counsel. Without clear indications on the record that Schoenfeld knowingly,

---

**Lucarelli**, we discuss **Wentz** for the purpose of comparison to the circumstances in the present case.

intelligently and voluntarily waived his right to counsel or forfeited his right to counsel by engaging in extremely dilatory conduct,[6] we cannot overlook, or accept, the court's decision to require him to proceed *pro se* at trial.

Therefore, we conclude that the trial court violated Schoenfeld's right to counsel. Because this violation is not subject to a harmless error analysis, we are compelled to vacate the judgment of sentence and remand for a new trial. We emphasize nothing in our decision limits the trial court from conducting a hearing to determine Schoenfeld's eligibility for continued representation by appointed counsel or Schoenfeld's right to proceed *pro se* following a colloquy. Additionally, Schoenfeld's conduct following remand may, in appropriate circumstances, and based on a more complete record, amount to an unreasonable attempt to delay the proceedings.[7]

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

---

[6] We reiterate that the Commonwealth, at trial, did not oppose a continuance. **See** N.T., 7/7/22, at 10. Notwithstanding its assertion that Schoenfeld would "hamstring" the proceedings, the Commonwealth presented no evidence of any dilatory conduct by Schoenfeld or his ability to afford private counsel. **See id**. at 3-11. The Commonwealth noted only that the trial court was aware that Schoenfeld did not qualify for a public defender in the previous separate case. **See id**. at 10.

[7] In light of our conclusion that the record does not support the trial court's decision to require Schoenfeld to proceed *pro se* at trial, we will not address the issue raised by counsel in this appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/22/2024