J-A30002-25

2026 PA Super 83

| STELLA SAWYER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DOMINIC ANUSIONWU | : | |
| Appellant | : | No. 1076 EDA 2025 |

Appeal from the Order Entered March 13, 2025
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s): 2020-01124

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

OPINION BY LAZARUS, P.J.:                    **FILED APRIL 23, 2026**

Dominic Anusionwu appeals from the order, entered in the Court of Common Pleas of Delaware County, finding him to be in contempt of his court-ordered child support obligation and sentencing him to seven days in jail with a purge amount of $1,200.00.  After our careful review, we reverse.

This is a support matter that originated in 2020.  On March 12, 2025, Anusionwu appeared before the court, pro se, for a contempt hearing after he fell behind in his monthly support obligations, which at that time consisted of $737.21 in support and $221.16 per month in arrearages.  *See* N.T. Contempt Hearing, 3/12/25, at 4.  As of the date of the hearing, Anusionwu had a total arrears balance of $7,722.22.  Despite being employed for the months of November 2024 through January 2025 and taking home approximately $475.00 per week, Anusionwu:  made no payment in November 2024; paid $442.32 in both December 2024 and January 2025; and paid $117.57 in

February 2025. *Id.* at 5. Anusionwu informed the court that he had not made his required payments because his "job was terminated." *Id.* at 6. Anusionwu indicated that he had recently been rehired by his former employer, but was still being retrained, for which he would only be paid $100.00, and had yet to receive a paycheck. *Id.* at 6-7.

The court sentenced Anusionwu to seven days' incarceration and set a purge condition of $1,200.00. The court based this amount on Anusionwu's net monthly income for the months of November 2024 through January 2025, and concluded "beyond a reasonable doubt" that Anusionwu had the present ability to pay the purge amount. *Id.* at 10. *See* Pa.R.C.P. 1910.25-5(b). Following the hearing, Anusionwu's son informed Anusionwu's sister that his father had been jailed for contempt and she borrowed money from a friend to pay the purge amount. Brief of Appellant, at 11.

Anusionwu, now represented by the American Civil Liberties Union of Pennsylvania, filed a timely notice of appeal; both he and the trial court have complied with Pa.R.A.P. 1925. Anusionwu raises the following claims on appeal:[1]

> 1. Did the trial court err by denying [] Anusionwu his right to counsel when it failed to either appoint counsel before his March 12, 2025, contempt hearing or conduct a waiver of counsel colloquy at the hearing [to] ensure[] Anusionwu was waiving his right to counsel "knowingly, intelligently, and voluntarily"[?]

_____

[1] We note with disapproval that the Delaware County Office of Support Enforcement did not file an appellee's brief in this matter.

- 2 -

2. Did the trial court err by imposing an unlawful civil contempt purge condition of $1,200[.00] without making a substantiated finding on the record, beyond a reasonable doubt, that [] Anusionwu had the present ability to pay that amount of money at the time he was held in contempt and incarcerated[?]

Brief of Appellant, at 3 (reordered).

Our standard of review for an order regarding civil contempt[2] is as follows:

> This Court will reverse a trial court's order denying [or granting] a civil contempt petition only upon a showing that the trial court misapplied the law or exercised its discretion in a manner lacking reason. ***Harcar v. Harcar***, 982 A.2d 1230, 1234 (Pa. Super. 2009) (citations omitted). In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order. ***Lachat v. Hinchcliffe***, 769 A.2d 481, 489 (Pa. Super. 2001) (citations omitted). To sustain a finding of civil contempt, the complainant must prove, by a preponderance of the evidence, that: (1) the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) the act constituting the contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent. ***Id.***

***MacDougall v. MacDougall***, 49 A.3d 890, 892 (Pa. Super. 2012).

Anusionwu first asserts that the trial court erred by denying him his right to counsel when it failed to either appoint counsel before his March 12, 2025, contempt hearing or conduct a waiver of counsel colloquy at the hearing to ensure Anusionwu was waiving his right to counsel knowingly, intelligently, and voluntarily. Anusionwu asserts that "an indigent defendant's right to court-appointed counsel is triggered in any proceeding in which the court finds

---

[2] A contempt order used to coerce a parent into paying a support obligation and arrearages is properly characterized as civil. ***See Barrett v. Barrett***, 368 A.2d 616, 619 (Pa. 1977).

there is a likelihood of imprisonment." Brief of Appellant, at 17-19, quoting *Commonwealth v. Diaz*, 191 A.3d 850, 862 (Pa. Super. 2018). Anusionwu notes that this Court, in numerous unpublished decisions,[3] has extended the holding in *Diaz* to civil contempt hearings in support matters.[4] *See* Brief of Appellant, at 18, citing *Hamm v. Harris*, 335 A.3d 366, at \*2-\*3 (Pa. Super. 2025) (Table); *Kopp v. McCarthy*, 324 A.3d 1247 (Pa. Super. 2024) (Table); *Beaman v. Gibbs*, 317 A.3d 567 (Pa. Super. 2024) (Table). *See also B.A.W. v. T.LW.*, 230 A.3d 402 (Pa. Super. 2020) (right to counsel under *Diaz* applies to contempt hearing for failure to pay, in full, cost of custody evaluation where contemnor at risk of incarceration). Anusionwu further asserts that the fact that he had been made aware of his right to counsel at a prior contempt proceeding[5] did not constitute waiver of that right at the instant hearing. *See* Brief of Appellant, at 20, citing *Diaz*, 191 A.3d at 863.

In his Rule 1925(a) opinion, the Honorable Richard H. Lowe found that Anusionwu was not indigent and, therefore, not entitled to a court-appointed lawyer. *See* Trial Court Opinion, 7/24/25, at 13. The court reached this

---

[3] *See* Pa.R.A.P. 126(b)(1)-(2) (non-precedential memorandum decisions of this Court filed after May 1, 2019, may be cited for persuasive value).

[4] In *Diaz*, the appellant was subject to contempt proceedings for failure to pay court-imposed fines and costs imposed in conjunction with a guilty plea to a drug offense.

[5] Anusionwu appeared before the Honorable Rachel Ezzell Berry on October 28, 2024, for a contempt hearing after he failed to pay his support obligations. At that hearing, Anusionwu was advised of his right to counsel, but only **after** the court had held him in contempt and sentenced him to seven days' incarceration, with a purge condition of $2,000.00.

conclusion based on Anusionwu's prior net weekly income of $475.00.[6] *Id.* at 12. Moreover, the court concluded that

> given [Anusionwu's] extensive immersion in support contempt proceedings—and the numerous admonitions[] he [] received about his right[ ]to[ ]counsel—this court did not err by failing to conduct a waiver-of-counsel colloquy. The record demonstrated that on multiple occasions prior to the hearing, [Anusionwu] was notified orally and in writing[:] 1) [that] if he was found in willful contempt, he faced the possibility of incarceration; 2) that [Anusionwu] had a right to be represented by counsel; 3) how he could find an attorney; and 4) if he could not afford an attorney[,] where to apply for a public defender.

*Id.* at 14-15. The court further noted that, at an October 2024 contempt hearing, Anusionwu was advised as follows:

> If you come back to this court . . . one of the potential outcomes is incarceration, probation, fine, or some combination thereof. Because of that, you have an absolute right to have an attorney. The right to counsel form tells you how to contact the Lawyer's Referral Service [and] the Public Defender's Office. You don't have to do that, but what you can't do is show up in another contempt hearing and say that you didn't know you had the right to have an attorney.

*Id.* at 15, quoting N.T. Contempt Hearing, 10/28/24, at 20.

_____

[6] In its opinion, the trial court characterized this amount as Anusionwu's **current** weekly net income. However, a review of the portion of the transcript on which the court bases this assessment demonstrates that $475.00 was Anusionwu's weekly income from November 2024 through January 2025, prior to being discharged from his employment. *See* N.T. Contempt Hearing, 3/12/25, at 9 ("THE COURT: So how much were you making in those three months? MR. ANUSIONWU: Four sixty a week, I believe, after—no, before tax. Because it's $16 an hour, so [$]460 before the taxes. MS. MANN: So[,] $16 an hour at 40 hours before taxes is $640, not [$]460. And if you take the average tax rate, he was bringing home about $475 a week, net. . . . MR. ANUSIONWU: Six forty, yes.").

The court concluded that Anusionwu's "due process rights and right to counsel were adequately protected by the numerous unambiguous notices he received that highlighted the risk of incarceration, his right to counsel, and instructions on where and how he could find and hire an attorney." Trial Court Opinion, 7/24/25, at 16. Nevertheless, the court noted that "going forward[,] this court will engage in the better practice of performing a waiver-of-counsel colloquy." *Id.* at 16 n.21.

We find persuasive the numerous unpublished decisions of this Court applying *Diaz* to support contempt proceedings and, thus, conclude that the trial court erred by failing to conduct a waiver-of-counsel colloquy at the March 12, 2025 hearing and, relatedly, to ascertain whether Anusionwu was indigent and entitled to court-appointed counsel. As noted above, in *Diaz*, *supra*, this Court held that "an indigent defendant's right to court-appointed counsel is triggered in any proceeding in which the court finds there is a likelihood of imprisonment." *Id.* at 862 (footnote omitted). Here, Anusionwu was held in contempt and sentenced to seven days' incarceration, thus clearly establishing a "likelihood of imprisonment."

In addition to holding that an indigent defendant's right to court-appointed counsel is triggered in any proceeding in which the court finds there is a likelihood of imprisonment, the *Diaz* Court also found that an individual's failure to obtain counsel after previously being given notice of his right to counsel at a prior proceeding does not constitute a waiver of counsel at a subsequent proceeding. *Id.* at 863. There, the defendant appeared at a

bench warrant hearing after he failed to pay court-imposed fines and costs. At that hearing, the court advised the defendant of his right to counsel and scheduled a contempt hearing. At the contempt hearing, defendant appeared pro se and was not given a waiver-of-counsel colloquy. The trial court ultimately sentenced him to thirty days' imprisonment, with a purge condition of $250.00. On appeal, the Commonwealth argued that, prior to the contempt hearing, Diaz had been advised of his right to counsel and, because he failed to request a public defender or retain private counsel prior to the subsequent contempt hearing, he had waived his right to counsel. This Court disagreed, finding that "[t]he record simply does not reflect [Diaz] knowingly, intelligently, and voluntarily waived his right to counsel." ***Id.*** at 863, citing Pa.R.Crim.P. 121.

Similarly, here, while Anusionwu was previously advised in writing and at the October 2024 hearing that he was entitled to counsel, the court failed to ascertain at the March 12, 2025 hearing whether Anusionwu was knowingly, intelligently, and voluntarily waiving his right to counsel **at that proceeding**. "Regardless of the defendant's prior experience with the justice system, a 'penetrating and comprehensive' colloquy is mandated." ***Commonwealth v. Owens***, 750 A.2d 872, 876 (Pa. Super. 2000), quoting ***Commonwealth v. Dale***, 428 A.2d 1006, 1007 (Pa. Super. 1981).

Pennsylvania Rule of Criminal Procedure 121, which this Court has applied in support contempt hearings where there is a likelihood of

incarceration, sets forth the following requirements to ensure that a defendant's waiver of counsel is knowing, intelligent, and voluntary:

> To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge . . . at a minimum, shall elicit the following information from the defendant:
>
> > (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
> >
> > (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
> >
> > (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
> >
> > (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
> >
> > (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
> >
> > (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2); *see also Hamm*, 335 A.3d at *2-*3 (Pa. Super. 2025) (Table) (applying Rule 121 where there is likelihood of imprisonment in civil contempt proceeding for failure to pay child support); *Beaman*, *supra* (same). "The question of waiver must be determined regardless of whether the accused can or cannot afford to engage counsel." *Commonwealth v. Ford*, 715 A.2d 1141, 1144 (Pa. Super. 1998) (citation omitted).

- 8 -

"If the court determines at the civil contempt hearing that there is a likelihood of imprisonment, then the court **must** ascertain whether [a]ppellant is entitled to court-appointed counsel[.]" *Diaz*, 191 A.3d at 866 (emphasis added). Anusionwu advocates that the proper standard for determining his indigency and entitlement to court-appointed counsel is the Delaware County Public Defender's eligibility standards, which provide that "[a]ll individuals with income at or under 200% of the federal poverty level are eligible for Delco Defender services." Brief of Appellant, at 24 and Exhibit D ("Internal Guidance: Determining Eligibility for Services"). Anusionwu argues that, because he had not been paid in more two months prior to the March 12, 2024 contempt hearing, he had no employment income under the public defender's eligibility calculation. Thus, Anusionwu asserts, the trial court's conclusion that his "yearly projected income of over $33,000/yr. exceeded any reasonable definition of indigency" was in error, as the defender's eligibility standards control. *Id.* at 25.

We begin by noting that Anusionwu's reliance on *Dauphin Cnty. Pub. Def.'s Off. v. Ct. of Common Pleas of Dauphin Cnty.*, 849 A.2d 1145 (Pa. 2004), for the proposition that "it is the public defender, not the Court of Common Pleas [("CCP")], whose standards govern the eligibility determination" for appointment of counsel, is misplaced. Brief of Appellant, at 25, citing *Dauphin Cnty. Pub. Def's Off.*, 849 A.2d at 1149-50. In that case, the question before the Court was "whether the Dauphin County CCP has the authority to exclude individuals who have an income greater than the

poverty line from establishing eligibility for Public Defender representation." ***Dauphin Cnty. Pub. Def's Off.***, 849 A.2d at 1149. In concluding that it did not, the Court did not hold that, in any case in which a court is confronted with a defendant claiming indigency, it must apply the eligibility standard of its county's public defender's office. Rather, the Court simply held that a court of common pleas may not administratively "dictate income levels above which an individual [who applies for representation] shall not be permitted to show that he or she does not have the financial resources with which to hire private counsel." ***Id.*** at 1151.

Although we have found no case specifically addressing the standard for determining indigency in the context of civil contempt, our Supreme Court has noted that Pa.R.Crim.P. 122[7] "authorizes the court to conduct case-by-case evaluations of individual defendants' circumstances in order to ascertain

_____

[7] Rule 122 provides, in relevant part, as follows:

> (A) **Counsel shall be appointed**:
>
> > (1) in all summary cases, for all defendants who are without financial resources or who are otherwise unable to employ counsel **when there is a likelihood that imprisonment will be imposed**;
> >
> > (2) in all court cases, prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel;
> >
> > (3) in all cases, by the court, on its own motion, when the interests of justice require it.

Pa.R.Crim.P. 122(A) (emphasis added).

whether counsel should be appointed." ***Dauphin Cnty. Pub. Def's Off.***, 849 A.2d at 1151. "Among other factors that may be relevant to a defendant's financial ability to hire private counsel are the probable cost of representation for the crime charged and the defendant's liabilities." ***Id.*** at 1149, n.4, citing ***Commonwealth v. Brown***, 476 A.2d 381, 386 (Pa. Super. 1984). Thus, while we decline to impose a test to determine indigency in cases where a child support obligor faces contempt proceedings in which there is a likelihood of imprisonment, we deem it appropriate for a court to consider, on a case-by-case basis, any factors relevant to the obligor's current ability to pay for legal representation, including, but not limited to, his current income and liabilities, assets, and the cost of representation.[8]

In light of the foregoing, we are constrained to reverse the trial court's order and hold that, in any future contempt proceedings in which the court determines that there is a likelihood of imprisonment, the court shall conduct a waiver-of-counsel colloquy pursuant to Rule 121. In the event Anusionwu indicates he wishes to be represented by counsel but cannot afford to pay an attorney, the court shall conduct an inquiry into Anusionwu's then-current

---

[8] We, as a statewide appellate court, are ill-equipped promulgate detailed guidelines to be followed by the courts of common pleas of the various counties when rendering indigency determinations. Nevertheless, it is apparent that there is a need for greater consistency among the trial courts, both within individual counties and across the Commonwealth as a whole. As such, we strongly encourage our Supreme Court, in its rule-making and advisory capacity, to adopt state-wide, across-the-board standards to provide trial judges with clearer guidance when making indigency determinations.

financial resources to determine whether he is indigent and, thus, entitled to court-appointed counsel.

Order reversed.[9]

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2026

---

[9] Due to our disposition, we need not address Anusionwu's remaining appellate claim.